————o————

CATHARINE CHARLES and THOMAS A. CHARLES, Respondents, vs. ST. LOUIS AND IRON MOUNTAIN RAILROAD CO., Appellant.

1. *Practice, civil—Witnesses—Married woman.*—The marriage of a plaintiff, pending her suit, will not render a woman incompetent as a witness.

2. *Practice, civil—Evidence—Reversal.*—Judgment will not be reversed for an error as to evidence, which works no prejudice.

3. *Damages—Measure of, for taking wood.*—Proper measure of damages for the taking of cord wood held to be the value of the wood with six per cent. interest from time of taking.

*Appeal from Washington Circuit Court.*

*Dryden & Dryden with J. J. Williams,* for Appellant.

I. The court erred in admitting Mrs. Charles to testify as a witness for the plaintiffs. She was incompetent. She was not the real party in interest. (Cord on Leg. and Eq. Rights of Married Women, §§ 987, 997, 998.) The case in 54 Mo., 285, was under statute giving the wife the right of action; that in 44 Mo., 441, was for land of wife; that in 48 Mo., 291, was to contest the validity of the will of the wife's ancestor.

II. The court erred in refusing to give the 6th instruction asked by the defendant. Both claimed the wood, and both requested the defendant to take it. The taking was not therefore wrongful, and hence was no trespass, and the plaintiffs were not entitled to recover in this form of action. (2 Greenl. Ev., § 613.)

*John L. Thomas,* for Respondents.

I. The court committed no error in permitting Mrs. Charles to testify in her own behalf. The suit was originally commenced in her name alone, and the cause of action accrued to her in her own right, and continued in her, and still continues in her. (Owen vs. Brockschmidt, 54 Mo., 285; Tingley vs. Cowgill, 48 Mo., 291; Fugate vs. Pierce, 49 Mo., 441.)

II. The value of the timber when taken, with 6 per cent. interest per annum, was the proper measure of damages in this case, and the instructions of the court on that proposition were correct. (Rice vs. Hollenbecke, 19 Barb., 664; 7 Cow., 95; 5 Johns., 348; 10 Johns., 237; 8 Wend., 508; 3 N. Y., 379; 6 Johns., 168; Martin vs. Porter, 5 Mees. & Wels., 351; 9 *Id.*, 672.)

III. The court committed no error in refusing the instruction asked for by defendant in regard to the form of action. Defendant admits in its answer, that it took up the wood as Crawford's—denying the right of Mrs. West to it—and that he

paid Crawford for it. This, in law, amounted to a wrongful taking and conversion of the property. (Sparks vs. Purdy 11 Mo., 221; O'Donoghue vs. Corby, 22 Mo., 393; Huxley vs. Hartzell, 44 Mo., 370; Koch vs. Branch, 44 Mo., 542.)

WAGNER, Judge, delivered the opinion of the court.

This was an action brought by the plaintiff, Catharine West, who afterwards, and during the pendency of the suit, intermarried with Thomas A. Charles, against the defendant for the taking and conversion of one hundred and fifty cords of wood.

The defendant in its answer admitted that it took the wood sued for, but justified the taking and subsequent conversion. It averred, that one Crawford contracted with the plaintiff, Mrs. West, to cut timber on her land, for cord wood, stave timber and cross ties, and that under that contract he cut the wood in controversy, and that after he cut and hauled the most of it to the railroad, plaintiff, West, sued out a writ of replevin, and that she got possession of the wood through the sheriff, and after the cause had remained in court some time, she dismissed the suit, and turned over the wood to Crawford, who sold the same to defendant; that defendant bought the wood ignorant of the rights of Mrs. West, and in good faith. It is further alleged that Crawford paid for chopping and hauling the wood, and that he had paid Mrs. West all that was due her for the timber taken according to the contract.

A replication was filed, denying that there was any such contract to cut timber, as was alleged in the answer; that Mrs. West got possession of the wood through the replevin suit; that the suit was compromised by the parties, for the purpose of having the matters in dispute submitted to arbitration; that no order of re-delivery was made by the court, and that Mrs. West did not deliver the wood to Crawford, but that after the dismissal of the suit the defendant, in order to aid Crawford, and with a full knowledge of all the facts, bought the wood of Crawford, and paid him for it, and

denied the right of Mrs. West to it. There was a further averment that Mrs. West hauled the wood to the railroad, and paid for the same.

Evidence was introduced on both sides tending to prove the respective issues. There was a verdict for plaintiff.

During the trial Mrs. West was admitted to testify, after her intermarriage with Charles, and she was objected to as being incompetent. The objection was overruled. We see no error in this decision of the court. The suit was instituted in her name, she continued a party to the record, and therefore was a competent witness.

In the course of the cross-examination the defendant's counsel asked her if she desired to recover the whole value of the wood, which the defendant was charged with taking, without making any allowance for cutting and hauling done by Crawford, and she answered that she thought she ought to recover the full value of the wood. Immediately upon this answer being given, plaintiff's counsel propounded this question : " If you should get all you have sued for, would it pay you for all the damage Crawford has done your land, in cutting the timber on it." Defendant at the time objected to the question, but the court permitted the witness to answer it, when she said that it would not. The question was certainly illegal. It is insisted, however, that as defendant's question, immediately preceding, to the witness as to whether she desired to recover the full value of the wood, without regard to Crawford's cutting and hauling the same, was also illegal, that thereon plaintiff had the right to ask the last question objected to. Both questions were improper and should have been excluded, and because an illegal or improper question is asked and answered, it will not justify another that is equally obnoxious or objectionable. But the questions, though evidently outside of any issue embraced within the case, did no harm. The court correctly instructed the jury as to the damages, telling them that the proper measure was the value of the wood with six per cent. interest thereon, and the verdict was based on that estimate, so the judgment ought not to be reversed for the error in the evidence.

There is nothing in the objection raised by the defendant to allowing Thomas Charles to testify to a conversation between himself and Billings, the agent of the defendant, and Crawford, in regard to the ownership of the wood. The witness says, that he saw Crawford and Billings a day or two after the replevin suit was dismissed, and asked Crawford if he had a voucher for the wood, and he told witness that he had nothing to say to him about it. He then asked Billings if he had issued a voucher, and he said that he did not know. We fail to see any declaration here on the part of Billings prejudicial to the defendant.

For the plaintiff the court instructed the jury in substance, that if they believed from the evidence, that Crawford cut the wood off from the land belonging to Mrs. West, without authority from her and against her consent; that said wood was taken from the possession of Crawford and delivered to Mrs. West, by virtue of a writ of replevin, and the wood was not re-delivered to Crawford, and the defendant took the same and paid Crawford therefor, and denied the title of Mrs. West, then they should find for the plaintiffs, and assess the damages of the wood taken, with six per cent. interest per annum; that if they should further find from the evidence, that Crawford cut the wood in controversy without any authority from Mrs. West and against her consent, then Crawford acquired no title to the wood; and if they further believed from the evidence, that defendant, by its agent, received the property from Crawford and paid him for it, knowing that Mrs. West claimed to be the owner thereof, then the verdict should be for the plaintiffs; that if from the evidence the jury believed the wood in controversy belonged to Mrs. West, and the defendant took and carried it away without her consent, they should find for plaintiffs.

The court gave four instructions for the defendant. The first told the jury, that, although they might believe from the evidence that the wood in controversy was not included in the contract between Mrs. West and Crawford, yet if they believed that Crawford cut the wood and had the same, or a

portion of it, hauled and delivered at his expense, acting in good faith, and supposing that the contract covered the wood, and Mrs. West afterwards accepted and received pay in full satisfaction for the wood, according to the terms of the contract, with a knowledge of the facts, then the verdict should be for the defendant. By the second instruction the jury were told, that if they believed from the evidence, that Crawford and Mrs. West made a contract by which he was to cut a quantity of wood on her land, at his own expense, and sell it and divide the net proceeds of the sale with her, equally, and the wood that was taken by defendant was cut by Crawford under the contract, and before defendant had taken the wood, Mrs. West had received her share of the proceeds, then the plaintiff was not entitled to recover.

The third instruction was to the effect, that if the jury believed from the evidence, that Mrs. West had been fully paid by Crawford for the wood that defendant took, and that she received such payment with a knowledge of the facts, then the plaintiffs were not entitled to recover; and the fourth declaration instructed the jury, that if Mrs. West made a contract with Crawford, by which he was to cut a quantity of wood on her land, paying her half the proceeds therefor, and if in pursuance of that contract he cut the wood in question, which defendants took, the plaintiffs were not entitled to recover, and the verdict should be for the defendant.

The fifth instruction, which was refused, is not relied on here by the defendants, but it is urged that the court erred in refusing to grant the sixth. That declared, that if the jury should believe from the evidence, that the wood taken by the defendant was placed near the track, partly by Crawford and partly by Mrs. West, and that each of them claimed the wood, and requested the agent of the defendant to measure and take it, and that the agent, having been so requested, measured the wood for defendant, then it was not material whether the title was in Crawford or Mrs. West, the defendant could not be held liable in this action.

The instruction was rightly refused. If the title was in Mrs. West, the defendant had no right to take the property and pay Crawford for it. The instructions given on both sides present the law with fairness, and are sufficiently favorable to the defendant.

The case principally turns on questions of fact, and with them we have nothing to do. The jury have found the facts by their verdict, and we cannot interfere. The judgment, with the concurrence of the other judges, must be affirmed.