STATE OF MISSOURI, Respondent, v. STEPHEN BEATY, Appellant.

Kansas City Court of Appeals, March 28, 1887.

1. CRIMINAL LAW—EVIDENCE—IMPEACHMENT OF DEFENDANT AS WITNESS.—If a *defendant*, in a criminal case, becomes a witness, in his own behalf, as permitted by statute in this state (Laws Mo., 1877, p. 366), he thereby subjects himself to the same rules as to cross-examination and impeachment as other witnesses.

2. ——— ——— LIMITS OF INQUIRY AS TO CHARACTER.—Upon a trial for a *specific* charge, the state is not to be permitted to inquire into special instances of crimes imputed to the defendant. In such inquiry, only evidence of the *general* reputation is permissible.

3. PRACTICE—COMMON ERROR—CASE ADJUDGED.—A party cannot assign that for error which he himself has invited the court to commit.

APPEAL from Cooper Circuit Court, HON. E. L. EDWARDS, Judge.

*Affirmed.*

The case is stated in the opinion.

W. G. PENDLETON, for the appellant.

I. Upon the trial in the circuit court, the state offered evidence to impeach the character of defendant (who testified in his own behalf), by showing that in the community where he lived he sustained a bad reputation for honesty; and, upon this point, introduced, among other witnesses, one J. E. Wear, who, upon direct examination, testified to defendant's bad reputation in said regard. Upon re-direct examination the court permitted the state to ask this witness this question: "Do you remember of his (defendant's) stealing a set of harness from an Englishman, up in that neighborhood?" To this question defendant objected, for the reason that the

same was leading, incompetent and illegal, and the court overruled the objection, to which action of the court defendant excepted at the time. The witness, in answer to said question, replied : "I am not right positive, but I think I did hear about that."

II. The circuit court erred in allowing the witness, Wear, to testify as above on re-direct examination. While the law seems to be settled by the case of the *State v. Clinton* (67 Mo. 380), that a defendant offering himself as a witness may be impeached as any other witness, the rule as to the method of impeachment remains unaltered. "Only evidence of a general character is allowed for that purpose, *and specific charges cannot be preferred, as* the witness is not presumed to be prepared to repel such attacks." *Seymour v. Farrell,* 51 Mo. 95 ; *State v. Grant,* 79 Mo. 113. The testimony of Wear, on re-direct examination, was a direct violation of this rule ; for which cause we ask that the judgment be reversed.

No brief for the respondent.

PHILIPS, P. J.—The defendant was tried, on information, and convicted for petit larceny. On the trial, the defendant testified in his own behalf. The state thereupon introduced evidence tending to impeach the character of defendant for general dishonesty, etc. The defendant objected to the admission of this evidence, on the ground that he had not put his general character in issue by offering any evidence as to it. This objection must be overruled, as it has been directly determined against defendant's contention. *State v. Clinton,* 67 Mo. 380.

It is next assigned for error that the court permitted the state, over the objection of defendant, to inquire into special instances of crimes imputed to defendant. The rule is well settled that in such inquiry only evidence of the general reputation is permissible. Specific

instances of offences cannot be gone into. *Seymour v. Farrell*, 51 Mo. 95 ; *State v. Grant*, 79 Mo. 113.

The embarrassment in the way of defendant availing himself of this objection as error, is the fact that the record discloses that he himself opened up, in the first instance, this objectionable inquiry. On the cross-examination of the witness Harlan, introduced by the state, the defendant asked him if he ever knew of defendant stealing anything before, and obtained a favorable answer thereto. Then, on cross-examination of the witness Wear, the defendant again asked if he had ever known of defendant being arrested before this ? The answer was, " not for stealing, but he had been arrested three times before this." The state then asked if he had known or heard of defendant stealing a set of harness from one English, in that neighborhood? The witness answered, in substance, that he heard of it.

There is no question but that this line of inquiry was improper; and had it been opened by the state, against defendant's objection, it would have been error for which the judgment should be reversed. But the important question of practice is, can the defendant be heard to assign for error that which his own course of action at the trial invited and brought about ? We recognize the general rule that one error of the court does not authorize its repetition by the opposite party ; and that, because an illegal question is asked and answered, it affords no justification for another, by the opposite counsel, equally as obnoxious. *Charles v. Railroad*, 58 Mo. 461. It is to be observed of this ruling that the precise question here involved was not presented there. The question asked, and answer obtained, by the second party, was not in the same line and directly responsive to the one opened up by the other side. Whereas, in the case under review, the defendant, by his inquiry, sought to aid his cause by creating the impression on the mind of the jury that the charge preferred against his good character by this information was exceptional ;·

that he had so demeaned himself in his past life as to give no occasion for a like imputation on his good name and fame. The answer he obtained, especially from one witness, was calculated to leave this impression on the mind of the jury, while that obtained from the other witness, although not so favorable to defendant, was, at least, calculated to leave the impression that he had not known of any larcenous charge preferred against him. The counter inquiry, made by the state, was to rebut the impression thus improperly thrust into the case by defendant's cross-examination.

The general rule in the matter of practice is, that the unsuccessful party cannot allege that as reversible error in the giving of an instruction for the opposing party, when he has adopted the error in an instruction given at his instance. In other words, a party cannot assign that for error which he himself has invited the court to commit. *Leabo v. Goode*, 67 Mo. 126 ; *Davis v. Brown*, 67 Mo. 313 ; *Noble v. Blount*, 77 Mo. 235.

So in *Lemon v. Chanslor et al.* (68 Mo. 340–354), the defendant, by his answer, had tendered an issue which was a departure. The plaintiff replied ; and, on the trial, introduced evidence to disprove this new issue raised by defendant, and predicated in an instruction a right of recovery thereon. The court, on appeal, said : "If this, as is contended, amounts to a departure in pleading, the defendants, by tendering the issue in their answer, are responsible for it, and ought not to be heard to complain of a consequence of their own act."

The defendant in this case, by descending into other and special offences and acts, opened a Pandora's box, which the law, for his own protection, had sealed ; and he has to complain alone of his own imprudence and indiscretion, if he has turned loose that which proved a plague and injury.

The judgment of the circuit court is affirmed. Ellison, J., concurs ; Hall, J., absent.