Redman v. Peirsol.

39  173
135m  98

Loid H. Redman, Appellant, v. Jacob A. Peirsol, Respondent.

St. Louis Court of Appeals, February 4, 1890.

1. **Evidence**: EXAMINATION OF PARTY. When the cross-examination of a party was intended to create, and is such as to create, the impression that such party did not take the deposition of a person under whom he claimed title, because such person's testimony would have been adverse to his claim, such party may, upon his re-examination, be asked his reasons for not taking such deposition.

2. ———. The circumstance, that an illegal question is asked of a witness by one party, and is answered without objection, will not justify the admission, against proper objections, of improper evidence offered by the other party to counteract that first received.

3. **Practice, Appellate**: NON-PREJUDICIAL ERROR : ADMISSION OF ILLEGAL EVIDENCE. Error through the admission of incompetent evidence is not ground for the reversal of a judgment, when not prejudicial, but merely cumulative, and having no direct bearing on the real issue in the cause.

*Appeal from the Monroe Circuit Court.*—Hon. Thos. H. Bacon, Judge.

AFFIRMED.

*Bristow & Lighter*, for the appellant.

*A. M. Alexander* and *J. C. Peirsol*, for the respondent.

Biggs, J., delivered the opinion of the court.

This is an action of replevin to recover the possession of five head of cattle, of the alleged value of one hundred and fifty-five dollars.

The cause was submitted to a jury, and a verdict for the defendant was returned. The court entered final judgment on the verdict, and the plaintiff has appealed.

The only matter, of which the plaintiff makes a serious complaint, has reference to the action of the court in permitting the defendant, on his re-examination, to testify concerning a letter which he had received from one Dirlam. The defendant, in his examination in chief, stated that he bought the cattle from Dirlam, and that Dirlam had removed from the state. On the cross-examination of the defendant, the plaintiff's counsel elicited from him the facts that Dirlam, at that time, lived in the state of Montana; that witness knew where he lived, had written to him, and had received an answer to his letter. On the re-examination of the defendant, his counsel propounded to him the following questions : Q. Did you write to Dirlam ? A. I did, and got a letter from him. Q. State why you did not take Dirlam's deposition ? (The plaintiff objected to the question.) A. I knew from the *letter*, and from others, and from my own knowledge, that Dirlam had had them (cattle) but a short time, and had gotten them from different parties, and he could not tell when, or from whom, he got them. The defendant moved the court to strike out that part of the answer which contained any reference to information received from Dirlam through the letter; the court declined, and the plaintiff excepted.

It was perfectly competent for the plaintiff, on the cross-examination of defendant, to ask him if he knew where Dirlam lived, and he could with propriety have called upon the defendant to explain why he had not taken the deposition of the man from whom he claimed to have purchased the cattle; but plaintiff's counsel seem to have avoided the direct inquiry, and asked the defendant the further question, if he had not received a letter from Dirlam. We think this latter inquiry was incompetent, because the fact that he had been in correspondence with Dirlam could not, in any view of the case, be material, unless defendant had denied that he knew the place of residence of the absent witness. The plaintiff's

counsel could have had but one purpose in making inquiry about the letter, and that was to make and leave the impression on the minds of the jurors that the defendant had been in correspondence with Dirlam concerning the cattle, and that, in this way, he had been advised that the testimony of the man, from whom he claimed to have bought them, would be damaging to his case, and that for this reason the defendant had failed to secure his testimony. This line of inquiry adopted by the plaintiff justified the defendant's counsel in asking his client to state his reasons for not taking the deposition; but the portion of the answer in reference to information derived from the letter was objectionable. The evidence of the witness in regard to the letter, when read in connection with other portions of the answer, was tantamount to a statement by the witness that he had written to Dirlam about the cattle, and that Dirlam had answered him that he had owned them but a short time, and could not tell when, or from whom, he had purchased them. This evidence was objectionable, for three reasons : (1) It was equivalent to proof by parol of the contents of the letter without giving any reason for its non-production. (2) Dirlam was not a party to the suit, and his unsworn statements could not, under any circumstances, become competent evidence. (3) It concerned objectionable and incompetent evidence elicited by the plaintiff.

It is insisted, however, that, as the plaintiff opened the door for the admission of the irrelevant and incompetent matter, he must take the consequences. This view loses sight of the well-established rule that one error of the court does not authorize its repetition by the opposite party, and the fact, that an illegal question is asked and answered, will not authorize the opposite party to propound another equally objectionable. The rule of general average does not obtain in such matters. *Charles v. Railroad,* 58 Mo. 458; *State v. Beaty,* 25 Mo. App. 214.

We do not think, however, that the action of the court in refusing to strike out the objectionable evidence ought to work a reversal of the judgment, for the reason, that the defendant testified that he knew of his own knowledge that Dirlam had owned the cattle but a short time, and would not likely be able to give much information concerning them. It must also be borne in mind that, in addition to the fact that the evidence complained of was cumulative merely, it only referred to and had a tendency to prove a collateral matter, and had no direct bearing on the real issue in the case. We are, therefore, of the opinion that the admission of this testimony did not materially affect the merits of the plaintiff's action. R. S. 1889, sec. 2303.

The judgment of the circuit court will be affirmed. All the judges concur; Judge THOMPSON in the result.