The opinion of the court was delivered, by
Breaux, J.
Plaintiff alleges that she was injured on the night of the 26th of November last, between the hours of 8 and 9 o’clock, by a fall occasioned by a plank nailed on a bridge at the intersection of Baronne street by Euterpe street; that in the fall she broke her left arm between the elbow and the wrist, and that she was bruised on her side and hips; that she suffered pains, mental and physical, and was confined to her house about one month under medical treatment.
She claims damages in the sum of $10,000.
The answer is a general denial.
The case was tried by a jury and a verdict was rendered in favor of the plaintiff for the sum of $750.
From this judgment the defendant appeals.
*545 The facts are that plaintiff, who is about forty-five years of age, and who was, at the time, in the enjoyment of good health, received injury in a fall caused by stumbling against a plank nailed on a bridge, which the defendant company obligated itself to keep in good repair, in a contract dated the 11th day of April, 1881.
On the 12th day of December last she notified the defendant of the accident, and of the amount she claims.
There are two parallel bridges over the gutters crossing Baronne street from the sidewalk to the railroad bed.
The gutters covered by the bridges are the continuation on Baronne street of the gutters on each side of Euterpe street.
The plaintiff nearly always passed on the lower side of Euterpe street.
On the night of the 26th of November last she passed on the upper side of that street, and was crossing the upper bridge on Baronne street, when she stumbled and fell.
The plank against which she stumbled and fell was about three feet and a half in length, ten inches wide, and about two inches in thickness.
The plaintiff, as a witness, was questioned with reference to the • accident.
She was alone at the time. She stated that she fell on her arm; after the fall she rose hastily and went on to where she intended to-go. At the time she did not know,that her arm was broken.
The witness also testifies that there was an electric light burning brightly at the corner of the street near which she fell.
She further testifies that she had seen planks nailed on the other bridges, as this was; that if she had looked she could have seen the plank, and adds:
“ I wouldn’t have stumbled against it. I didn’t want to fall.”
Two days after the accident she called in a physician, and was informed by him that her arm was fractured.
It is not proven by whom the plank had been nailed to the bridge.
It was put there to cover a crack on this bridge.
Most of this plank had been worn down by the wheels of passing: carts and carriages to nearly the level of the bridge; that part on which plaintiff stumbled was two inches and one-sixteenths above its level..
Counsel for plaintiff requested the court to charge that the failure *546 of the defendants to call in their employés (to whom was personally entrusted the repairs of the bridge) as witnesses was evidence of the act of negligence charged against the defendant.
This charge was asked on the authority of Day against the Pacific Railroad, 35 An. 694.
The president of the company, who is also the superintendent, testified that he made efforts to ascertain who had nailed that plank, and could not find out who had put it there.
We will first pass upon the refusal to charge as requested.
In the case cited as authority, it is said by the court that the conclusion was fortified by the failure of the defendant to introduce the testimony of any of the employés on the train when the accident happened.
In support of this proposition, the following from Thompson on Negligence, Yol. 1, p. 514, is referred to as an approved authority, by the court, in that case:
‘ ‘ An absence from the trial of the employés of defendant who were on the cars and present at the time of the accident and were witnesses of the injury raises a strong presumption of negligence against the company.”
The case at bar is not similar. It is not shown that the employés knew who nailed this plank or that they had anything to do with it. Inquiry was made by the principal officers' of the company, with reference to this plank. He did not ascertain, he testifies, that the employes knew anything about it.
While municipal corporations and all those entrusted with the keeping of' bridges in good repair should be active and exceptionally careful in the performance of that work, on the other hand those who cross these bridges are not entirely relieved from the necessity of exercising some little care and of giving some attention to their steps.
Damages can not be recovered for all injuries received.
If in the haste of the moment or while the attention is entirely absorbed in thought and meditation an accident' happens, to an unfortunate pedestrian, the fall is not always owing exclusively to the uneven surface.
Most of us are prone to forget that sidewalks and bridges are not always level, and have sometimes suffered severely on account of *547 inattention or forgetfulness; without the possibility of recovering damages.
Plaintiff was not ordinarily careful in crossing the bridge.
There was a bright light near.
She admits that she had seen planks before on other bridges nailed as this was.
That if she had looked.she could have seen it.
The plank was not of extraordinary thickness and was securely nailed on the bridge.
It is not shown by whom it was put on or that the defendant company had notice of the condition of this bridge, or that any complaint was made prior to the accident or that the crossing was at all hazardous.
When the plaintiff, recalling doubtless the pain she endured, sadly says: “I wouldn’t have stumbled against it; I didn’t want to fall,” there is great sine erity in her words and they naturally awaken a sentiment of kindness [and sympathy, but they can not serve to maintain precedents.
It is not possible justly to charge to the defendant that to which plaintiff’s own sad fate has contributed, at least in part.
To hold for plaintiff would be in effect to decide that whenever an accident occurs on uneven sidewalks, or in crossing bridges not level, without regard to the lack of care, damages can be recovered.
It would be to decree, in effect at least, that all bridges and sidewalks should be level, and that nothing about them should be in the least rugged or uneven.
However desirable it may be that all the streets be level, it is not a possibility.
The regrettable accident is not one for which the defendant can be held in damages.
The duty of municipal corporations is only to see that its sidewalks are safe for persons exercising ordinary care and prudence. Dillon on Mun. Oorp. 1019.
It is therefore ordered, adjudged and decreed, that the verdict be set aside and that the judgment appealed from be annulled and reversed and that there be judgment rejecting plaintiff’s demand, with costs in both courts.