but that does not prove his negligence. The truck which was coming the other way, with its left wheels between the two tracks, had no occasion, under the circumstances, to be where it was. The plaintiff had a right to assume that the driver of the truck would at least leave him enough space to stand between the car and the truck as they passed each other. The contention that the plaintiff should have run and gotten out of the way is not sustained by the evidence. He testifies that he could not escape either by running before the car or before the truck, without peril; and I think the record fully bears out his statement. There is no exception in the case which calls for a reversal of the judgment. On the evidence the jury was justified in finding the defendant guilty of negligence, and the plaintiff free from contributory negligence.

The damages are not excessive, and the judgment should be affirmed, with costs.

(109 App. Div. 831)

## FIELD v. NEW YORK CITY RY. CO.

(Supreme Court, Appellate Division, Second Department. December 29, 1905.)

1. DAMAGES—PERSONAL INJURIES—EVIDENCE OF DISEASE—ADMISSIBILITY.

Where, in an action for personal injuries, the evidence showed that a varicose vein did not exist in the injured leg before the accident and was discovered immediately afterwards, it was proper to permit a physician to testify that at the time of the trial plaintiff was suffering from a varicose vein in the injured leg though he could not ascribe it to the accident.

[Ed. Note.—For cases in point, see vol. 15. Cent. Dig. Damages, §§ 478–480.]

2. CARRIERS—INJURY TO PASSENGER—EVIDENCE—RECORD OF ACCIDENT.

In an action against a street railway company for injuries sustained by a passenger, evidence that one of its rules required a report of the happening of an accident was admissible as supplementing the evidence that the conductor in charge of the car had made no report of the accident, and that none occurred.

Appeal from Municipal Court of New York.

Action by Augustus M. Field against the New York City Railway Company. From a judgment for plaintiff, defendant appeals. Reversed.

Argued before HIRSCHBERG, P. J., and BARTLETT, WOODWARD, JENKS, and HOOKER, JJ.

William E. Weaver, for appellant.
Timothy Power, for respondent.

HIRSCHBERG, P. J. The plaintiff claims to have been injured by the negligent starting of one of the defendant's trolley cars, while he was attempting to board it on Third avenue at Stuyvesant street in the borough of Manhattan. The appellant raises no question on the appeal as to the facts of the accident, but confines its assertion of grievance to two rulings at the trial.

One of these rulings relates to the reception of the evidence of the plaintiff's doctor, to the effect, that at the time of the trial the plaintiff was suffering from a varicose vein in the injured leg. Al-

though the doctor admitted that he could not ascribe it to the accident, the evidence was proper. inasmuch, as it was proven that it did not exist before the accident and was discovered in the injured member immediately afterwards.

But it was error to exclude the evidence, offered on the defendant's behalf, designed to show that one of its rules required that a report be made to it of the happening of an accident. The defendant was entitled to insist that no accident had occurred; it was permitted to prove that no report of the accident had in fact been made by the conductor in charge of the car; and it was entitled to strengthen and supplement this evidence, by competent proof that one of its rules required such a report to be made in all cases. See Shadletsky v. New York City Ry. Co. (Sup.) 88 N. Y. Supp. 1014.

The judgment should be reversed.

Judgment of the Municipal Court reversed, and new trial ordered, costs to abide the event. All concur.