(53 Misc. Rep. 292)

## McARTHUR v. NEW YORK CITY RY. CO.

(Supreme Court, Appellate Term. March 14, 1907.)

CARRIERS—PASSENGERS—INJURIES—ACTIONS—EVIDENCE.

> In an action against a street railroad company for injuries to a passenger, received while alighting from a car, evidence by defendant's accident clerk that defendant had received no report of the accident is admissible, as tending to show that no such accident occurred, and also to explain why defendant failed to call as witnesses its employés in charge of the car.

Appeal from Municipal Court, Borough of Manhattan, Twelfth District.

Action by Mary McArthur against the New York City Railway Company. Judgment for plaintiff, and defendant appeals. Reversed.

Argued before GILDERSLEEVE, P. J., and DAVIS and HENDRICK, JJ.

William E. Weaver, for appellant.

Robert H. Hibbard, for respondent.

GILDERSLEEVE, P. J. The action is brought to recover for personal injuries alleged to have been sustained by plaintiff on Sunday afternoon, July 22, 1906, while a passenger upon one of the defendant's south-bound Amsterdam avenue cars. Plaintiff resided near the corner of 101st street. She says that she wished to alight at 101st street, and when the car approached 101st street she motioned for the conductor to stop the car; but the car did not stop there, but continued on to 100th street, and she motioned for the bell again, and she says the conductor pulled the bell. She also says that the car came to a stop; that, when she had one foot on the running-board and one foot on the ground, the car started and threw her on her face. It was brought out on cross-examination that on September 6, 1906, the plaintiff, in her own home, had written out in her own handwriting a statement as to the happening of the accident, in which she stated that "the car was not quite at a full stop when I attempted to alight." She gives some explanation with regard to this statement, which it is not necessary to discuss, as the appellant urges on this appeal only the exceptions to the exclusion of evidence, and on the subject of this statement proper instructions were given to the jury, to which no exception was taken.

At the close of the plaintiff's case the defendant offered to show by the accident clerk of this Sixth Avenue Division that the defendant had no report of this accident. Plaintiff objected to the accident clerk testifying as to whether he had any report of the accident, the objections were sustained, and defendant duly excepted. We think that the exclusion of this testimony was error. The defendant is entitled to offer such testimony, upon the ground that it is some evidence that no such accident happened; and the defendant is also entitled to explain in this manner its reason for failing to call apparent witnesses of the accident, in the persons of its employés in charge of the car, since much prejudice could well arise against such a defendant, if it

were not permitted to explain its failure to call employés in charge of a car. Shadletsky v. New York City Ry. Co., 88 N. Y. Supp. 1014; Hirsch v. Union Ry. Co., 96 N. Y. Supp. 333, 48 Misc. Rep. 527; O'Brien v. Brooklyn Heights R. Co., 96 N. Y. Supp. 857, 109 App. Div. 833. It may not, therefore, be said that the defendant has not been prejudiced by the exclusion of this testimony, more particularly, as urged by defendant's counsel, that the written statement of the plaintiff that she stepped from a moving car would well have afforded the jury a basis for rendering a verdict for the defendant, if the defendant could have been permitted to explain to the jury why 'it failed to corroborate this witness' written statement by other testimony.

The judgment should be reversed, and a new trial ordered, with costs to appellant to abide the event. All concur.