## SARAH FLEISHMAN, Respondent, v. POLAR WAVE ICE & FUEL CO., Appellant.

**St. Louis Court of Appeals, February 6, 1912.**

1. **PLEADING: Sufficiency of Petition: Attack After Verdict.** In determining the sufficiency of a petition after verdict, all reasonable inferences and implications in its favor, as well as such presumptions as the law usually indulges, must be taken into account.

2. **MASTER AND SERVANT: Conduct of Servant: Presumptions.** When nothing to the contrary appears, the law presumes that a servant, in performing a given act, was acting within, and not in violation of, his duty.

3. **NEGLIGENCE: Master and Servant: Injury of Third Person by Servant's Negligence: Pleading: Sufficiency of Petition.** In an action for personal injuries, a petition which alleged that one of defendant's servants in charge of and driving one of its wagons drove the wagon so carelessly as to cause plaintiff's injury was sufficient, as against the complaint, first made after verdict, that it did not aver that the servant was at the time engaged in performing defendant's business and acting within the scope of his employment.

4. **EVIDENCE: Failure to Call Witnesses: Presumptions: Rebutting Presumption.** Where a party fails to call as a witness one who should possess knowledge touching the subject under inquiry and who is in his employ or under his control, the law presumes the evidence of such person would be unfavorable to the party failing to call him; and, in order to rebut this presumption, it is competent for such party to give in evidence proper and valid reasons for not producing him.

5. ————: ————: ————: **Evidence Admissible to Rebut Presumption.** In an action for injuries caused by a wagon alleged to have belonged to defendant and to have been driven by its servant, where the evidence tended to show that defendant owned a number of wagons and had a number of drivers in its employ, but defendant denied that its wagon or servant caused the injury, and the proof suggesting its responsibility was slight, the refusal to permit its manager to testify that, after making an investigation, he had been unable to find any driver who possessed knowledge of the accident was error, since such evidence was admissible for the purpose of showing that defendant was without knowledge of any driver in its employ who had information concerning the accident, thereby rebutting the presumption which would otherwise obtain against it by reason of its failure to call the driver as a witness.

Appeal from St. Louis City Circuit Court.—*Hon. George H. Williams,* Judge.

REVERSED AND REMANDED.

*Watts, Gentry & Lee* for appellant.

(1) The petition does not state facts sufficient to constitute a cause of action against the defendant, in that it merely charges that the negligent act complained of was committed by one of the "defendant's agents, servants and employees" instead of charging that it was done by defendant or stating facts showing that the servant was at the time acting in the scope of his employment as defendant's servant. Briscoe v. Railroad, 130 Mo. App. 513; Drolshagen v. Transit Co., 186 Mo. 285; Snyder v. Railroad, 60 Mo. 413; 26 Cyc., pp. 1571, 1572; 13 Ency. Pl. & Pr., p. 922; Davis v. Houghtelin (Neb.), 14 L. R. A. 737; McCann v. Tillinghast, 140 Mass. 327; Railroad v. Voght, 26 Ind. App. 665; Benton v. Mfg. Co., 26 R. I. 192; Railroad v. Palmer, 13 Ind. App. 161; Radke v. Schlundt, 30 Ind. App. 213; Fisher v. Jockey Club, 50 App. Div. 446; Smith v. Railroad, 124 Ind. 394. This point may be raised for the first time in the appellate court. Epperson v. Postal Tel. Co., 155 Mo. 346; Davis v. Jacksonville S. E. Line, 126 Mo. 69; Ball v. Neosho, 109 Mo. App. 683; Cartwright v. Telephone Co., 205 Mo. 126. (2) The court erred in sustaining an objection to defendant's offer to prove that defendant's manager had made a thorough investigation to try to learn about the accident, had made inquiry of every driver, and had made every possible effort to ascertain the name of the driver in charge of the wagon which is alleged to have caused injury to plaintiff, but had been unable to learn the name of the driver or to learn anything about the accident and had received no report of the occurrence. Under these circumstances a pre-

163 App.—27

sumption unfavorable to defendant arose because of not putting the driver on the stand. Wigmore on Ev., sec. 285; 16 Cyc. 1062; Nelson v. Hall, 104 Mo. App. 466; Bent v. Lewis, 88 Mo. 462; Johnson v. Railroad, 130 S. W. 413. Defendant had a right to offer any evidence which would explain its failure to produce the driver and thus rebut the unfavorable presumption. 1 Wigmore on Ev., sec. 286; Peetz v. Railroad, 42 La. Ann. 541; Bank v. Hyland, 53 Hun 108; Railroad v. Mason, 124 Ga. 776; Warth v. Lowenstein, 219 Ill. 222; Lichtenstein v. Case, 99 App. Div. 570; Tel. Co. v. Waller, 37 Tex. Civ. App. 516; Hirsch v. Railroad, 96 N. Y. Supp. 333; Hope v. Railroad, 82 Ill. App. 311; Shadledsky v. Railroad, 88 N. Y. Supp. 1014.

*Joseph F. Coyle, Robert Kelley* and *Charles E Morrow* for respondent.

(1) The petition is good against an attack for the first time in this court, for the facts stated necessarily imply that the act was done about the master's business and within the scope of his employment. Travers v. Railroad, 63 Mo. 422; Voegeli v. Marble & Granite Co., 49 Mo. App. 643; Todd v. Havlin, 72 Mo. App. 565; Briscoe v. Railroad, 130 Mo. App. 513; Daugherty v. Lord, 28 N. Y. Supp. 720. (2) Under the circumstances in this case the defendant's failure to explain amounts to a confession. The failure of the defendant to call these witnesses raises the strongest presumption against it. Reyburn v. Railroad, 187 Mo. 575; Wigmore on Evidence, sec. 285; Nelson v. Hall, 104 Mo. App. 466; Bent v. Lewis, 88 Mo. 462; Johnson v. Railroad, 130 S. W. 413. What the drivers may have said to the defendant's manager on his investigation was the rankest hearsay and was clearly inadmissible. Defendant has cited no cases holding such evidence competent.

NORTONI, J.—This is a suit for damages accrued to plaintiff on account of personal injuries received through the alleged negligence of defendant. Plaintiff recovered in the amount of $4500, and defendant prosecutes the appeal.

Defendant is an incorporated company engaged in the ice and coal business in the city of St. Louis, and maintains a branch of its business at Eleventh and Wash streets, near the point where plaintiff received her injury. At this place defendant kept coal, wood, and ice in its yard and buildings, and horses and wagons in its stable. Plaintiff resided at 1006 North Eleventh street, which is located immediately across the street from defendant's branch establishment. At the time of her injury, she was walking north on the sidewalk on the east side of Eleventh street and in the act of passing the stable of the Moll Grocery Company, numbered 1020 on North Eleventh street. It was about noon, and a large wagon owned by the Moll Grocery Company, from which the team had been detached to be fed, was standing in the street with its tongue protruding toward the sidewalk where plaintiff was passing. The evidence for plaintiff tends to prove that immediately before her injury she heard a wagon and team drive out of defendant's place of business and travel northward on Eleventh street and collide with the wagon standing in front of the Moll Grocery Company's stable. The proof goes to show that as the wagon collided with the one standing in the street, plaintiff observed the words "Polar Wave" painted thereon, but thereafter became unconscious as a result of the collision. The wagon which collided with that of the Moll Grocery Company standing in the street is said to have been loaded with either cinders or manure and driven by a colored man. As a result of the collision of defendant's wagon with the one standing in the street, the stiff tongue of the latter was thrown around and against plaintiff, so as to inflict

serious, painful and permanent injuries upon her. There are other circumstances in evidence tending to prove the wagon and team which occasioned plaintiff's injury were owned by defendant and in charge of its servant, but this matter is stoutly denied throughout the record.

The case was here on a former appeal and is reported. See Fleishman v. Polar Wave Ice & Fuel Co., 148 Mo. App. 117, 127 S. W. 660, to which reference is made for a further statement of facts. But it should be said that additional evidence was introduced for plaintiff in the more recent trial and there can be no doubt that a prima facie case is abundantly made for her on every proposition essential to a right of recovery. It is argued for defendant that the petition is wholly insufficient, for the reason that it omits to allege defendant's servant driving its wagon was at the time pursuing the master's business and within the scope of his employment. We are not impressed with this argument in the least; for the sufficiency of the petition is to be considered from the standpoint of after verdict, when all reasonable inferences and implications in its favor must be taken into account. Had the point been made by demurrer, it would no doubt possess more force than in the present posture of the case, but it was not so made. That portion of the petition involved in this attack is as follows: The allegation is, "One of defendant's agents, servants and employees, in charge of and driving one of defendant's wagons north on said North Eleventh street, whose name is to this plaintiff unknown, negligently and carelessly drove and ran the defendant's wagon so driven by him into and against the wagon so standing on said North Eleventh street, etc., etc." From this it appears the averment is, that one of defendant's servants in charge of and driving one of defendant's wagons drove and ran the defendant's wagon so carelessly as to occasion her injury. The averment that

defendant's servant was in charge of its wagon implies that he was there by authority of defendant, for such is the meaning involved in the words "in charge of" in the sense here employed. No one disputes or denies so much of the proposition thus stated, but it is suggested, though such be true, the petition should aver more and say that such servant was at the time engaged either in the master's business or within the scope of the servant's employment. Upon allowing to the petition all that its words imply and considering all reasonable inferences arising therefrom, as we must, together with such presumptions as the law usually indulges in favor of correct conduct, it must be viewed as though the servant was acting within, and not in violation of, his duty at the time. Such is the presumption which the law universally indulges when nothing to the contrary appears. It appearing, then, that defendant's servant was driving its wagon by its authority, it is necessarily implied that he was acting within the scope of his duty in pursuance of the master's business. On this question we reaffirm the doctrine of Todd v. Havlin, 72 Mo. App. 565, which is directly in point, and cite, as well, in support thereof, Doherty v. Lord et al., 28 N. Y. Supp. 720; Briscoe v. C. B. & Q. R. Co., 130 Mo. App. 513, 109 S. W. 93. Though the petition may be regarded defective in respect of this matter, on demurrer thereto, it is abundantly sufficient after verdict and judgment.

There is no direct testimony tending to prove the wagon, which was so negligently driven and occasioned plaintiff's injury, was either owned or controlled by defendant, or that the driver thereof was its servant. A few circumstances, together with the fact that the words "Polar Wave" were painted on the side of the wagon, alone are relied upon as to this all-important matter, and defendant stoutly denies that it either owned or controlled the wagon, or that the driver was its servant. Indeed, defendant denies having any

knowledge with respect of the matter whatever, except through a complaint from plaintiff's father a few hours after the injury occurred. Plaintiff's evidence reveals that a colored man was driving the wagon, and it is shown that defendant had a number of colored drivers in its employ at this branch of its business. Defendant placed none of these colored drivers upon the stand, but sought to show that it omitted to do so for the reason it had been unable to ascertain that any of them was possessed of knowledge respecting the collision. Defendant's manager was permitted to testify that he had made an investigation as to this accident with the purpose of ascertaining how it occurred and which one of its drivers, if any, was in charge of the wagon; but on objection of plaintiff, over defendant's exception, the court declined to permit the witness to say that he had been unable to find any driver possessed of knowledge touching the matter. Whereupon plaintiff's counsel offered "to show by this witness his attempt to learn the name of the driver, what he did to learn it and his failure to learn it." The counsel stated to the court in this connection, "It will explain to the jury why we didn't put that man on the stand. I propose to show that he asked every driver around there that was in our employ at the time and failed to learn anything about it and that we have no record of it." This ruling of the court must be regarded as prejudicial error in view of the circumstances, for the matter was highly important to defendant, in view of the presumption which the law affords against one who fails to call a witness in his employ or under his control who should possess knowledge touching the subject under inquiry. It is argued the matter was properly excluded as an infringement of the rule against hearsay, for, at best, the manager sought to give in evidence the fact that the several drivers had denied knowledge of the circumstance to him when they were not under oath and

at a time which afforded plaintiff no right to cross-examination. ·But when the purport of the question and the offer of proof is considered, it seems the real purpose was not to elicit hearsay but instead was to show that defendant had not produced the driver for the reason it was unable to ascertain his identity or the identity of any person having knowledge of the accident. The matter must be considered, too, in the light of the fact that throughout the whole case defendant strenuously denies that its wagon or its driver occasioned the injury and that there is but slight proof suggesting responsibility on its behalf.

Such evidence as that offered here is universally received, and we think properly so, to the end of dispelling the presumption which otherwise obtains against one who is shown to be in possession or have under his control material evidence not produced at the trial. In Peetz v. St. Charles, etc. R. Co., 42 La. 541, defendant's superintendent was allowed to testify to having made inquiry among the employees of the company, to the end of ascertaining what employee was responsible for the act complained of and that he was unable to learn who did it. Such was regarded as proper enough. That one may give proper and valid reasons in evidence for not producing a witness prima facie shown to be under his control or in his employ, and, this, too, for the purpose only of dispelling the presumption above mentioned, is declared by the universal course of decision. [See Bank v. Hyland, 53 Hun 108; Macon, etc. Co. v. Mason, 123 Ga. 773; Warth v. Loewenstein, 219 Ill. 222; see, also, 1 Wigmore on Evidence, secs. 285, 286.] As the principle giving rise to the presumption proceeds in part from the fact that the witness shown to be in the employ or under control of the party is prima facie shown as well to possess knowledge touching the matter, it is competent for such party to show ignorance on his part with respect to the knowledge it is said the absent witness

possessed. [See 1 Wigmore on Evidence, sec. 286.] In this view, the New York court declared it was error for the trial court to decline to permit defendant's accident clerk to testify as to whether or not the company had received notice of an accident. The court said in that case, as the defendant failed to call any witnesses whatever, it should have been permitted to show that it had received no notice of the accident, in order to explain why it presented no defense. [See Hirsch v. Union R. Co., 96 N. Y. Supp. 333; see, also, Shadletsky v. N. Y. City Railroad, 88 N. Y. Supp. 1014] The courts have declared, too, that it is competent for defendant's superintendent to testify that he had made inquiries of the conductors and motormen engaged on a certain street at a time of night when claimant alleged the injury was received and that he had been unable to find any one in its employ possessing knowledge touching the matter. The court said this evidence was competent for the purpose of dispelling the presumption which otherwise might arise against the party for his failure to produce as witnesses the conductor and motorman on the car alleged to have occasioned the injury. [See Hope v. West Chicago R. Co., 82 Ill. App. 311; Chicago Union Traction Co. v. Arnold, 131 Ill. App. 599.] The doctrine of these cases is directly in point and appears to be sound in principle, notwithstanding the objection that, in a remote manner, it called for hearsay, because such is not the purpose of the testimony, but, on the contrary, it is to show that the defendant, though duly diligent, was wholly without knowledge or was ignorant concerning the imputed knowledge of its employee.

We do not perceive what is said above to be in conflict with the principle announced in Redman v. Piersol, 39 Mo. App. 173, for there the witness was permitted to give in evidence information derived by him from a letter which he received from a third party

then in Montana. This information, derived from the letter, the court condemned as hearsay, and we think very properly so. But the question in judgment here is not identical with the one there involved, for here defendant did not seek to introduce what the drivers said to its manager, but only to show the fact that it was wholly unable to ascertain any information touching the alleged collision. Neither is the case of Foster v. Atlanta Rapid Transit Co., 119 Ga. 675, precisely in point, for there the absent witnesses, whose statements were sought to be introduced in proof through defendant's agent, were only passengers on the car and in no sense in the employ or under control of the defendant. In other words, the relationship existing there between defendant and the passengers, who it is said had denied knowledge of the accident to the claim agent, was not such as to invoke a presumption against defendant on account of their non-production. In view of the fact that no presumption was cast against defendant because of the non-production of such witnesses, the only purport of the testimony of defendant's agent, to the effect that the passengers on the car denied knowledge of the accident to him, was hearsay of the grossest character. Not so, however, in the instant case, for here the colored drivers were in the employ of defendant and their non-production gave rise to a presumption against it that the testimony would be unfavorable if given. To dispel this presumption, it was undoubtedly competent for defendant to show that it was wholly without knowledge of any witness in its employ who possessed information concerning the alleged injury. To this end, defendant sought only to prove that, though diligent in that behalf, its manager was unable to discover any source of information concerning the alleged injury, and therefore unable to produce any witness with knowledge thereof. Though the line of demarcation is scarcely to be dis-

cerned, obviously the purpose was not to introduce hearsay through showing what the employees said on the subject.

Upon a retrial, plaintiff may amend her petition by interlineation so as to include an injury to her kidneys, and it would be well to redraft her first instruction, to the end of obviating the argument now leveled against it. We decline to say at this time that the petition is insufficient to permit proof of an injury to the kidneys, and we decline, too, to condemn plaintiff's first instruction as insufficient, but the questions raised against both are not free from doubt and may be removed from the case by slight effort on the part of the counsel at another trial. Judgment as to these matters is reserved.

For the error in rejecting the proffered testimony of defendant's general manager above mentioned, the judgment should be reversed and the cause remanded. It is so ordered. *Reynolds, P. J.,* and *Caulfield, J.,* concur.