ANDREW T. TODD, Respondent, v. JOHN H. HAVLIN, Appellant.

St. Louis Court of Appeals, December 21, 1897.

1. **Petition:** EVIDENCE: DEMURRER. In an action for personal injuries where the petition alleged that the injuries were caused by the negligent act of defendant's servant, but omitted to state that he was guilty of such act while employed as such servant in discharge of the particular duties pertaining to that employment, on objection and demurrer to the evidence, on that ground. *Held:* That the omitted matter might be reasonably implied from the allegation of the petition, and the demurrer was properly overruled. *Voegeli v. Marble & Granite Co.,* 49 Mo. App. 643.

2. **Instruction.** An instruction, the fair meaning of which was that the matters stated therein were left to the finding of the jury, was proper, though inartificially drawn.

3. **Evidence:** SUFFICIENCY. The evidence in this cause is reviewed by the court, and held sufficient to show that, at the time of the negligent act complained of, defendant's servant was acting within the line of his employment, and if negligent, defendant was answerable for the resulting injuries.

4. **Verdict:** DAMAGES. Held, also, that the verdict for damages was not excessive, under the evidence.

*Appeal from the St. Louis City Circuit Court.*—HON. PEMBROOK R. FLITCRAFT, Judge.

AFFIRMED.

*Louis A. Steber* for appellant.

The petition does not state facts sufficient to constitute a cause of action in this, that it fails to state that the injuries were caused by the carelessness of defendant's servant, while employed as such servant and pertaining to the particular duties of that employment. *Hartman v. Muehlebach,* 64 Mo. App. 565, 574, 575;

Wood's Mas. & Ser. [2 Ed.], pp. 525, 527; *Davis v. Houghtelin*, 33 Neb. 582, 585; Bliss on Code Pl. [3 Ed.], sec. 136, p. 230; *Walker v. R. R.*, 121 Mo. 575, 585, 587, 589, 590; *Snyder v. R. R.*, 60 *Id.* 413, 415, 420; *Farber v. R'y*, 116 Mo. 81, 93, 94. See, also, *Jones v. Fuller*, 38 Mo. 363; *Weil v. Greene Co.*, 69 *Id.* 281, 286, 287; *State to use v. Bacon*, 24 Mo. App. 403; *Biddle v. Boyce*, 13 Mo. 532; *Bankston v. Farris*, 26 *Id.* 175; *Lanetz v. King*, 93 Mo. 513, 519; *Nichols v. Larkin*, 79 Mo. 271; *Obert v. Dunn*, 41 S. W. Rep. (Mo.) 901; *Scott v. Robards*, 67 Mo. 289; *Pier v. Heinrichshaffer*, 52 *Id.* 333; *Halpin v. School Dist.*, 54 Mo. App. 371, 376, 378; *Harrison v. R. R.*, 50 *Id.* 332; *Story v. Ins. Co.*, 61 *Id.* 534, 538.

The failure to state a cause of action is a point which is never waived by the defendant, and can be taken advantage of at any stage of the proceedings, even for the first time in the court of last resort. R. S. 1889, sec. 2047; *Smith v. Burrus*, 106 Mo. 94, 97; *Paddock v. Somes*, 102 *Id.* 226, 235; *Hart v. Wire Co.*, 91 *Id.* 414, 420; *McIntire v. McIntire*, 80 *Id.* 470, 473; *Weil v. Greene Co.*, *supra; Burdsal v. Davies*, 58 Mo. 138; *Gillett v. R. R.*, 55 *Id.* 315, 318; *Syme v. Steamboat*, 28 *Id.* 30, 31; *Andrews v. Lynch*, 27 *Id.* 167.

Instruction number 2 assumes the fact that the hole opener was defendant's servant. This is denied by the answer, and the instruction as given is erroneous. *Carder v. Primm*, 60 Mo. App. 423. See, also, *Farber v. R. R.*, *supra; Nall v. R. R.*, 97 Mo. 68, 75; *Thompson v. Watts*, 8 *Id.* 710; *Chouquette v. Barada*, 28 *Id.* 491; *Merrit v. Givens*, 34 *Id.* 98; *Turner v. Laler*, *Id.* 461; *Maffett v. Conkling*, 35 *Id.* 453; *Sawyer v. R. R.*, 37 *Id.* 240; *Erren v. R. R.*, 60 *Id.* 405; *Ins. Co. v. Seminary*, 52 *Id.* 480; *Peck v. Richey*, 66 *Id.* 114; *Mascheck v. R. R.*, 3 Mo. App. 600; *Camp v. Healen*, 43 Mo. 591; *Fulkerson v. Thornton*, 68 *Id.* 468; *Kenney v.*

*R. R.*, 70 *Id*. 252; *Melvin v. R. R.*, 89 *Id*. 106; *Rothschild v. Frensdorf*, 21 Mo. App. 318; *Bank v. Armstrong*, 62 Mo. 59; *Bank v. Murdock, Id*. 70.

If there is no evidence on which the case can rest, and the trial court refuses to nonsuit or set aside the verdict, the appellate court will reverse. *Long v. Moon*, 107 Mo. 334, 338, 339; *Landis v. Hamilton*, 77 *Id*. 554; *Jackson v. Hardin*, 83 *Id*. 175; *Avery v. Fitzgerald*, 94 *Id*. 207.

In all cases, in order to recover, it must be shown that the act was committed within the scope of the servant's employment. 14 Am. and Eng. Ency. Law, 807; *R'y v. Anderson*, 82 Tex. 516; *R'y v. Cooper*, 88 *Id*. 607; *Goodloe v. R. R.*, 17 S. Rep. (Ala.) 166; *Farber v. R. R.*, 32 Mo. App. 378; *Jones v. Packet Co.*, 43 *Id*. 398; *Walker v. R. R.*, 575.

*J. E. & J. F. Merryman* for respondent.

The allegation of the petition that defendant's servant was guilty of a negligent act implies that it was done within the scope of the servant's employment. *Cousins v. R. R.*, 66 Mo. 572; *Voegeli v. Marble & Granite Co.*, 49 Mo. App. 643; *Travers v. R'y*, 63 Mo. 421. See, also, *Dillon v. Hunt*, 82 Mo. 150; *Evans v. Bank*, 79 *Id*. 182; *Weaver v. Harlan*, 48 Mo. App. 319.

Instruction number 2 does not warrant the construction that it assumes the fact that the hole opener was the defendant's employee. *McConn v. R. R.*, 66 Barb. 338; *Voegeli v. Marble & Granite Co., supra*.

The question of the amount of the verdict is peculiarly one for the jury, and this court will not interfere on the ground of excessiveness, unless it clearly appears that the verdict was the result of improper conduct on the part of the jury. *Hanlon v. R. R.*, 104 Mo. 381; *Voegeli v. Marble & Granite Co., supra*.

BIGGS, J.—This is an action for personal injuries. The plaintiff recovered a judgment for $1,000. The defendant has appealed.

The chief assignment of error is that the petition fails to state a cause of action. That portion of the petition which is pertinent is as follows:

"Plaintiff, for a cause of action, states that he resides in the city of St. Louis and is now and was an employee of the St. Louis Transfer Company on the night of April 18, 1896, and that defendants were at said time and now are the owners, lessees and operators of a certain theater in the city of St. Louis, known as Havlin's Theater, situated on the southwest corner of Sixth and Walnut streets, in the city of St. Louis. Plaintiff further states that on the night of April, 1896, while in the employ of the St. Louis Transfer Company and engaged in hauling trunks and theatrical scenery from defendant's theater to the Leonori storage house in the city aforesaid, and while removing said trunks and said scenery from defendant's theater to the wagon of said St. Louis Transfer Company, and while using care and caution on his part, plaintiff fell into a coal hole or a hole through the sidewalk on the Walnut street side of defendant's premises, which said hole had been carelessly and negligently left open by *defendant's agent, servant and employee.*" The sufficiency of the pleading was challenged for the first time by an objection to the introduction of evidence. The objection is that the petition fails to state that the plaintiff's injuries were caused by the carelessness of the defendant's servant "while employed as such servant and pertaining to the particular duties of that employment." That a demurrer to the petition could have been successfully interposed, may be conceded, for the petition fails to expressly state facts from which the inference might be

PETITION: evidence: demurrer.

drawn that the act of the servant in opening the coal hole pertained to the performance of the duties assigned to him. The question under this record is, was the cause of action as to this matter imperfectly stated, or can the omitted matter be reasonably implied from what was stated? If either is true, then the objection to the introduction of evidence was properly overruled, and the verdict cured the defect in the pleading. In the case of *Voegeli v. Pickel Marble & Granite Co.*, 49 Mo. App. 643, the identical question was presented. We there held that "an allegation that the defendant by its agents and servants was guilty of a negligent act, implies that the act was done about the master's business, and within the scope of the servant's employment." This ruling was made upon due consideration, was concurred in by all the judges, and we are not now disposed to depart from it. At the instance of the plaintiff the court instructed the jury as follows:

"1. The court instructs the jury that defendant, John H. Havlin, in his answer, admits that he was, on or about the eighteenth day of April, 1896, lessee and operator of a certain theater in the city of St. Louis known as Havlin's Theater, situated on the corner of Walnut and Sixth streets in said city.

"2. If the jury believe from the evidence that on or about the eighteenth day of April, 1896, between the hours of 11 and 12 o'clock at night, the plaintiff, while in the employ of the St. Louis Transfer Company, and engaged in hauling theatrical scenery and removing the same from defendant's theater to the wagon of the said St. Louis Transfer Company, and while using care and caution on his part, fell into a coal hole or a hole in the sidewalk on the Walnut street side of said premises, which had been left open by defendant's servant or employee *while engaged in the course of his*

*employment*, and that plaintiff was injured in falling through said hole aforesaid, the jury will find for the plaintiff and ascertain and assess his damages in accordance with another instruction given herewith.''

The objection urged against the second instruction is that it assumes that the person who opened the coal

INSTRUCTION. hole was a servant of the defendant, and that his alleged negligent act was done in the course of his employment. The instruction is inartifically drawn, but its meaning, when fairly read, is that all matters stated therein were left to the finding of the jury. It is also claimed that the evidence is insufficient in that it has no tendency to show that the

EVIDENCE: suf- act of the servant in opening the coal hole ficiency. pertained to the particular duties of his employment. This assignment requires some reference to the evidence. The evidence tends to show that the person who opened the coal hole was engaged at defendant's theater in the capacity of a baggage man; that he was in charge of the baggage room, and that he received and assisted in removing all baggage. On the night of the accident the plaintiff was engaged in hauling the baggage of a theatrical troupe from the theater. The baggage man assisted in removing the trunks from the baggage room to the sidewalk. After the baggage was removed, the baggage man swept the dirt and rubbish from the baggage room onto the sidewalk, and from there to a coal hole in the center of the walk. He removed the covering from the hole, swept the rubbish into it, and went away leaving the hole uncovered. A few moments afterward the plaintiff fell into the hole. It was dark, and he was unable to see the danger. This evidence admits of the inference that the act of the servant in sweeping out the room and in depositing the dirt in the coal hole was within the line of his employment. It was neces-

sary for the defendant to employ some one to keep the baggage room clean. So far as the evidence goes, the baggage man was the only employee about the room. *Prima facie*, it was his duty to sweep it out and to make some disposition of the dirt and rubbish. If this duty devolved on some one else, the defendant ought to have shown it. Whether the baggage man properly or improperly deposited the debris in the coal hole, is of no consequence. It was his duty to remove it from the street and sidewalk, and if in doing so he acted negligently, the defendant must answer for the resulting injuries.

It is suggested that the damages are excessive. Two physicians attended the plaintiff at the time he was injured. They both testified that his injuries would probably prove to be permanent. He was in the hospital for two or three weeks, and was compelled to have medical treatment for two or three months thereafter. We would not be justified in holding that the sum of $1,000 was out of proportion to the injuries proved. With the concurrence of the other judges, the judgment of the circuit court will be affirmed. It is so ordered. All concur.