CITY OF CENTRAL CITY v. MAMIE ENGLE.

FILED OCTOBER 9, 1902. NO. 11,898.

Commissioner's opinion, Department No. 3.

1. **Married Woman:** DAMAGES FOR PERSONAL INJURY: SEPARATE ESTATE: DIMINISHED CAPACITY TO EARN. A petition by a married woman in an action for damages for a personal injury, which does not allege that she is or has been or anticipated being the owner of any separate estate or property, or engaged in any trade, business or service, or the performance of any duties except those pertaining to her husband's household, does not entitle her to recover damages on account either of loss of earnings already incurred, or of her diminished capacity to earn money as the result of the injury.

2. **Life Expectancy:** EVIDENCE: CONSTITUTIONAL DISEASE. When it is shown that a person is affected by a serious constitutional disease or a tendency thereto, it is error to submit to the jury the question of his expectancy of life, in the absence of any evidence bearing upon that question.

ERROR from the district court for Merrick county. Tried below before HOLLENBECK, J. *Reversed.*

*John C. Martin* and *W. T. Thompson,* for plaintiff in error.

*J. E. Dorshimer* and *John W. Sparks, contra.*

AMES, C.

The defendant in error, plaintiff below, who is a married woman living with her husband, prosecuted this action to recover damages for personal injuries suffered while walk-

ing upon one of the sidewalks of the defendant city, alleged to have been defectively constructed, and to have negligently been permitted to become and to remain out of repair so as to be a source of danger to persons making use of it. The plaintiff alleged that by reason of her injury she "has suffered constant and severe pain and has been continuously, and is now at the time of verifying this petition, wholly unable to perform her household duties, and by reason of the aforesaid injuries is, and has become a cripple for life." It is not alleged that the plaintiff, who was about 41 years of age, was or had been or anticipated being the owner of any separate estate or property, or engaged in any trade, business or service separate from her husband, or in the performance of any duties except those pertaining to her husband's household. The answer was, in substance, a general denial. On the trial the plaintiff was permitted to testify, over objection by counsel for the defendant, that her "earning capacity," at and before the time of the happening of the accident, was $7 per week, and at the time of the trial was "nothing at all," and that shortly prior to suffering the injury she had received that wage. At the conclusion of the trial the court of its own motion gave the following instruction: "If under the evidence and the law you find for the plaintiff it will be your duty to fix the amount of her damages. In doing so you should carefully consider the nature, extent and character of the injury sustained, whether the disability, if any, is temporary or permanent, partial or total, and what degree of disability. The age of the plaintiff and her reasonable expectancy of life may be important, for you should allow not only for damages already past but for all damages which would naturally result from the injury whether in the past or future. You should find from the evidence how much money plaintiff would have been reasonably expected to earn if she had not been injured as alleged, and how much she was, and is, and will be able to earn with her reduced capacity resulting from said injury, and the difference between these two

amounts will be the measure of this element of her damages. You should also allow such damages for pain and suffering as under the evidence you believe the plaintiff is entitled to. The law fixes no rule by which to estimate or fix a price upon pain, suffering and agony, and leaves it to you to allow to her such reasonable sum for this element as will be just and reasonable under the circumstances, not exceeding $7,000 in all." Complaint is made both of the foregoing instruction and of the above-mentioned testimony, and we think justly so. The plaintiff was not entitled to recover for her decreased earning capacity in relation to her ability to perform satisfactorily her household duties; such damages accrued, if at all, to her husband, who was charged with the duty of her care and maintenance, and the petition by no fair construction can be said to have apprised the defendant that she claimed to have suffered any pecuniary loss except such as was the direct result of the pain and mutilation inflicted on her person, and for which there is no accurate pecuniary measure. There is nothing in the pleading to indicate that she had suffered or would probably suffer any pecuniary loss to her separate or individual estate or property by reason of the alleged diminution of her ability to earn money in any service or employment. All such matters were outside the issues and were erroneously submitted to the jury. The instruction was erroneous for another reason. It was in evidence that the plaintiff had, previous to the happening of the injury complained of, suffered the loss of one of her arms, in consequence of a disease known as "periostitis," which a physician, produced as a witness by the plaintiff, had testified was tubercular, and constitutional in character, predisposing the patient to a recurrence of its acute stage on the happening of any injury such as she had lately suffered. Now, without deciding the question whether alleged damages resulting from the aggravation of this tendency, being consequential and not direct in their nature, should have been pleaded, it appears to us that

it was error to submit to the jury any question touching the plaintiff's expectancy of life in the absence of any evidence bearing upon the inquiry. If it should be conceded—which we do not determine—that a jury may speculate upon the probable duration of the life of a healthy person, in the absence of any evidence with respect thereto, it appears to us that they are incompetent to decide that question in the case of a person suffering from a constitutional tubercular disease which, in the absence of testimony, may fairly be presumed to have a tendency to abbreviate her physical existence. We are, however, strongly, of the opinion that in these days when tables of expectancy and expert testimony concerning that subject are readily procurable, it is error in any case to submit that question to a jury without the production of some of them.

There are a large number of other errors assigned in the record, some of which present questions of a very serious character, but in as much as the foregoing disposes of the case for the present hearing, we refrain from discussing them, and recommend that the judgment of the district court be reversed and a new trial awarded.

DUFFIE and ALBERT, CC., concur.

By the Court: For the reasons stated in the foregoing opinion, it is ordered that the judgment of the district court be reversed and a new trial awarded.

REVERSED AND REMANDED.

NOTE.—See Reporter's Notes, volumes 64 and 65, as to expectancy of life.

*Husband and Wife.*—In the trial of an action brought in the name of the plaintiff alone, for injuring his property, destroying his business and violently expelling him and his wife from town, neither the wife's "mental anguish in being separated from her husband," nor her "feelings as a woman, compelled to abandon a chosen residence and turn her back on associations formed in early life," is a matter for the consideration of the jury in estimating the damages. *Hooper v. Haskell*, 56 Me., 251.—W. F. B.