## L. W. POMERENE COMPANY V. MARY L. WHITE.*

FILED OCTOBER 21, 1903. No. 13,000.

1. **Master and Servant: NEGLIGENCE: LIABILITY.** The master is liable for the negligent act of a servant committed within the scope of, or as a necessary incident of, his employment.

2. **Liability of Master for Servant's Negligence.** Where, as an incident of employment, it is necessary for a servant to open a trapdoor to perform his labor, and he carelessly and negligently leaves the trap-door open, after performing the work, and one to whom such duty is owed is injured by such negligence, the master is liable.

3. **Contributory Negligence: BURDEN OF PROOF.** Where plaintiff makes out his case without disclosing contributory negligence, the burden is on defendant to establish its existence, as an affirmative defense.

4. **Action for Injuries: PROOF.** In an action by a married woman for personal injuries, it is proper to show that she has been incapacitated by reason of her injuries from performing labor, for the purpose of showing the nature and extent of her injuries.

5. **Case Distinguished.** *Central City v. Engle*, 65 Neb. 885, examined and distinguished.

6. **Admission of Evidence: REVIEW.** Action of the trial court, in admission of evidence, examined and approved.

7. **Damages.** *Quantum* of damages examined, and *held* not excessive.

ERROR to the district court for Lancaster county: ALBERT J. CORNISH, JUDGE. *Affirmed.*

*Lorenzo W. Billingsley, Robert J. Greene* and *Richard H. Hagelin,* for plaintiff in error.

*Albert G. Greenlee, contra.*

OLDHAM, C.

This is an action for personal injuries occasioned by plaintiff's falling through a trap-door into the basement of

* Rehearing allowed. See opinion, p. 177, *post.*

her own dwelling house. The facts set forth in the petition and supported by plaintiff's testimony are: That plaintiff's husband had employed the defendant plumbing company to make repairs on his dwelling house, in the line of putting in plumbing fixtures and connecting the same with a bathroom; to do this work, it was necessary for defendant's servants to go under the floor of the residence; plaintiff's husband showed them a trap-door in the bathroom; raised it up for them that they might get to the place where part of their work had to be done; this bathroom was used as a closet by the family; plaintiff's testimony shows that the employees were cautioned to be careful about closing the trap-door,. because of the fact that members of the family were frequently in the bathroom, which was entered from the kitchen; it appears from the testimony that the bathroom was small and very poorly lighted, so that when entering it from the well lighted kitchen, a person would not, at first, be likely to notice the open space occasioned by the raising of the trap-door; this trap-door was immediately in front of the sanitary bowl in the bathroom; after defendant's servants had entered on their work and had continued at it until the noon hour, they came up through the trap-door, left it open, and went to their dinners; before they returned to work again, plaintiff entered the bathroom, and, on approaching the sanitary bowl, fell through the trap-door, broke her right arm near the shoulder by the fall, and received other serious and permanent injuries. Under issues thus formed, the cause was tried to a jury, which returned a verdict for plaintiff for $1,000 damages; there was judgment on the verdict, and defendant brings error to this court.

The first question urged in the brief of plaintiff in error is that the court erred in not directing a verdict for defendant, at the close of the evidence. This contention is based on the theory that defendant owed no duty to the plaintiff in the matter of closing the open trap-door, and that as no duty was owed, no liability for non-performance of a duty could arise; and that, in no event, was defendant

Pomerene Co. v. White.

liable for the act of the servant in failing to close the trap-door, because such a duty, even if it existed, did not arise within the scope of the servant's employment.

It is conceded that the defendant is engaged in the plumbing buisness; that it contracted with plaintiff's husband to do plumbing work on the premises; that to do the work it was necessary to go below the floor of plaintiff's dwelling, and that the trap-door in the bathroom was the only available opening through which defendant's servants could reach the place necessary to perform their service.

This court has defined negligence as "a failure to do what reasonable and prudent persons would ordinarily have done under the circumstances and situation." *Omaha Street R. Co. v. Craig*, 39 Neb. 601. This is perhaps as good a definition as can be ordinarily found, either in the text books or adjudicated cases. Under testimony from which reasonable minds might draw different conclusions on a question of negligence, it is always proper to submit such questions, under proper instructions, to the jury for determination; and this is just what the court did in the case at bar. We think that reasonable minds might have concluded from plaintiff's testimony that defendant's servants, in neglecting to close this trap-door, failed to do what prudent persons would ordinarily have done, under all the facts and circumstances surrounding the situation, and if we are right in this, then the question of negligence was properly submitted to the jury, if the negligent act of the servant was incident to and embraced within the scope of his employment. It is plain that when defendant's servants entered plaintiff's house they came there strictly within the scope of their employment, and to do the things which the master had directed; when they went through the trap-door into the space below the floor, to repair and connect up the different pipes, they were strictly within the line of their employment, and when they came up through the trap-door, on leaving the premises, they were doing what was a necessary incident to their employment, and any duty that these servants owed to plaintiff or her husband,

with reference to the opening or closing of this trap-door, was owed as representatives of their master. *Commonwealth v. Brocton Street R. Co.*, 143 Mass. 501. It has been held in numerous cases that, where one of the necessary incidents of an employment is the opening of a trap-door or the uncovering of a dangerous hole or excavation, the employer may be held for the negligence of the servant in not closing the door or covering the hole after the work has been completed. *Waters v. Pioneer Fuel Co.*, 52 Minn. 474; *Todd v. Havlin*, 72 Mo. App. 565; *Hughes v. Orange County Milk Ass'n*, 10 N. Y. Supp. 252.

It is further contended by plaintiff in error that a verdict should have been directed, because of the contributory negligence of plaintiff in walking into the opening caused by the raising of the trap-door. After an examination of the evidence, we can not agree to this contention. It is a well established rule in this state that, where plaintiff makes out a case without disclosing contributory negligence, the burden is on defendant to show this as an affirmative defense. In the case at bar, there is no evidence to show that plaintiff had knowledge that there was any probability of defendant's leaving their work with the trap-door open, and, in any event, the question was submitted to the jury, under a proper instruction. The jury were permitted to view the premises and heard all the testimony in the case, and we can not say that their finding on this question is wholly unsupported.

On the question of the measure of damages the court gave the following instruction:

"If from the evidence and the law given you in these instructions you find for the plaintiff, you may take into consideration the bodily pain and suffering caused by the injury, if any has been shown, and the pain and suffering which will result therefrom in the future, if you find from the evidence that such will probably be the result, also the probability of the injuries she has received being permanent and the extent, if any, to which the injury has incapacitated her for labor, also the reasonable expenses paid

or incurred for services of a surgeon or physician, made necessary by such injuries, and assess her damages in such sum as you believe from all the evidence will compensate her for the injury so sustained. You should allow no speculative damages, but such as are compensatory merely."

It is urged that so much of this instruction as permits the jury to take into consideration "the extent, if any, to which the injury has incapacitated her for labor" is clearly and prejudicially erroneous, as the husband alone would have been entitled to recover for such loss, and that this portion of the instruction is in conflict with the doctrine recently announced by this court in *Central City v. Engle,* 65 Neb. 885. The case just cited was an action by a married woman for personal injuries, in which the petition did not allege that she was engaged in any separate trade or business, but only in the performance of household duties. At the trial of the cause, plaintiff had been permitted to testify that, before the injury, her earning capacity was $7 a week, and that it was nothing at all at the time of the trial. This evidence was admitted over the objection of defendant, and the court in submitting the measure of damages told the jury, among other things, that in estimating plaintiff's damages, they should find how much money plaintiff would have been reasonably expected to earn if she had not been injured, as alleged, and how much she was, and is, and will be, able to earn with her reduced capacity resulting from the injury, and the difference between the two amounts would be the measure of this element of damage. The action of the trial court in admitting this testimony, under the pleadings, and giving the portion of the instruction before mentioned, was condemned by this court, because the pecuniary loss testified to, and submitted in the instruction, would have been recoverable in an action by the husband. The syllabus of the case, when read in connection with the point actually decided, goes no further than to hold that the pecuniary loss, for wages, sustained by a married woman, not engaged in any separate occupation or employment, can only be recoverd in an action by the husband and not in an action by the wife.

Damages recoverable in actions for personal injuries may be divided into two classes: pecuniary damages, or those which can be accurately estimated, as loss of wages, cost of medical attendance, etc.; and nonpecuniary damages, the amount of which can not be determined by any known rule, but depend upon the enlightened judgment of an impartial court or jury. In the latter class is included damages for pain, suffering, loss of reputation, impairment of faculties, etc.

In *Central City v. Engle, supra,* the pecuniary damages for loss of wages and the nonpecuniary damage for pain, suffering and permanent disability were both submitted to the jury as the measure of plaintiff's recovery, and for this action of the trial court the cause was reversed. In the case at bar, no pecuniary damages are asked because of the loss of plaintiff's wages, nor was any testimony offered tending to show the money value of such services, and the portion of the instruction excepted to appears to have been given only for consideration in determining the extent and nature of the injury. Considered from this viewpoint, the instruction is not in conflict with the decision in the *Engle* case. In states in which married women are permitted to contract for themselves and in which they are permitted to engage in business or employment in their own behalf, it has been frequently held that, in an action for personal injuries, it is proper to prove that a married woman is incapacitated from labor as the result of her injuries, for the purpose of showing the nature and extent of her disability. This rule seems founded on sound reason, because it is apparent that the mere fact that a married woman is not engaged in a separate business at the time she is injured should not deprive her of the right to recover for a disability that would ever afterwards bar her from engaging in an occupation on her own behalf. *Stutz v. Chicago & N. W. R. Co.,* 73 Wis. 147; *Powell v. Augusta & S. R. Co.,* 77 Ga. 192; *Jordan v. Middlesex R. Co.,* 138 Mass. 425; *Harmon v. Old Colony R. Co.,* 165 Mass. 100, 30 L. R. A. 658; *Metropolitan St. R. Co. v. Johnson,* 90 Ga. 500.

Objection is urged against the rulings of the trial court on the admission of evidence; these are disposed of in what has been said in support of the instructions given by the trial court, and need no further reference.

Slight complaint is made of the conduct of plaintiff's counsel in remarks made in the presence of the jury; there is nothing in the matter, however, that requires serious consideration, as the trial court checked plaintiff's counsel promptly when he attempted to go outside the record.

It is lastly contended that the damages awarded by the jury are excessive. The evidence is overwhelming that plaintiff received a most serious injury; that the fractured bone of her arm protruded through the muscles, and that the strong probabilities are that its use is permanently impaired. Under such conditions, we can not say that the damages awarded are of such a nature as to call for the interference of this court.

It is therefore recommended that the judgment of the district court be affirmed.

HASTINGS and AMES, CC., concur.

By the Court: For the reasons stated in the foregoing opinion, the judgment of the district court is

AFFIRMED.

The following opinion on rehearing was filed March 17, 1904. *Remittitur ordered. Reaffirmed:*

**Married Woman:** ACTION: DAMAGES. In an action for personal injuries by a married woman, she is not entitled to recover the value of medical services rendered, in the absence of proof that she has paid for such medical services, or that she is the owner of a separate estate which might become liable therefor.

OLDHAM, C.

After a reexamination of the questions determined in the former opinion in this case, we are fully satisfied with the conclusions there reached. But our attention is specif-

ically called to the fact that, in the measure of damages submitted to the jury, plaintiff was permitted to recover for the value of medical services, and that the evidence contained in the bill of exceptions fails to show that she had expended any money for such services, or that she was the owner of any separate estate which might become liable for the reasonable value thereof. On a reexamination of the testimony, we find that this contention is well founded. We also find that the value of the medical services is shown without dispute to have been $100.

Under the rule laid down by this court in *Kocher v. Cornell*, 59 Neb. 315:

"The contract of a married woman can only be enforced against the separate estate which she possessed at the date of the contract."

As the testimony in this case fails to show the existence of a separate estate owned by plaintiff, or that she has actually expended any money for medical services, under these circumstances, we are compelled to conclude that the right of action for medical services inures to plaintiff's husband and not to her, and that the instruction submitting this element of damages to the jury is unsupported by the testimony.

We therefore recommend that, unless plaintiff enter a remittitur of $100 from the judgment rendered within thirty days from the filing of this opinion, our former opinion be set aside, and the cause be reversed and remanded; but that, if such remittitur be entered, our former opinion be adhered to.

AMES and HASTINGS, CC., concur.

By the Court: For the reasons given in the above opinion, it is ordered that, unless the remittitur of $100 be entered by plaintiff within thirty days, the former opinion of this court be set aside, and the cause be reversed and remanded; but that, if such remittitur be filed, the former opinion be adhered to.

AFFIRMED.