J. H. MANSFIELD, *Plaintiff in Error*, v. EVA G. BRIGHAM, JOINED BY HER HUSBAND, ARTHUR H. BRIGHAM, *Defendants in Error.*

Division B.

Opinion Filed January 23, 1926.

110

*Bart A. Riley,* for Plaintiff in Error;

No appearance for Defendants in Error.

BUFORD, J.—This action was brought in the Circuit Court for Dade County, by Eva G. Brigham, joined by her husband Arthur H. Brigham, against H. H. Mansfield.

The original declaration was in three counts and as follows: ''Comes now Eva G. Brigham, plaintiff in the above styled cause joined by her husband, Arthur H. Brigham, by her attorney, and sues the defendant, J. H. Mansfield, for that whereas on, to-wit: the 30th day of April, 1923, the said defendant J. H. Mansfield then and there owned, controlled, maintained and operated a certain passenger automobile commonly designated as a 'Jitney Bus' upon certain of the public roads and streets of Miami, Dade County, Florida, to-wit: a certain street known as 'West Flagler Street' in the City of Miami, Florida; that on the said 30th day of April, 1923, the plaintiff, Eva G. Brigham was then and there a passenger in said automobile so maintained, owned, controlled and operated by said defendant; that on said 30th day of April, 1923, at about one o'clock in the afternoon, while the plaintiff, Eva G. Brigham, was a passenger in said automobile as aforesaid, the defendant, J. H. Mansfield, *acting by and through certain agent and servant, to-wit: One Gordon Mansfield, so negligently and carelessly drove,* ran and operated said automobile and by reason of the negligence and carelessness aforesaid, the plaintiff, Eva G. Brigham, was violently hurled forward from her seat in said automobile striking her body and head against various portions of said automobile whereby and by reason of the negligence and carelessness aforesaid the plaintiff, Eva G. Brigham suffered a severe cut and laceration of the skin and flesh upon her head; her head was greatly bruised, her back wrenched, her side twisted

and injured and she suffered divers and sundry other bruises, contusions, and injuries about her body, head and limbs; that the injuries aforesaid, so caused and suffered as aforesaid are permanent; that the plaintiffs, in and about attempting to heal the said Eva G. Brigham aforesaid, have spent divers large sums of money on account of hospital bills, doctors' bills, nurse's bills and to procure medicine and medical attention, to-wit: the sum of One Hundred Dollars.

Second Count:

"Plaintiff likewise sues the defendant in this, the second count of her declaration for what whereas on to-wit: the 30th day of April, 1923, the said defendant, J. H. Mansfield, then and there owned and controlled a certain automobile; that on said 30th day of April, 1923, *one Gordon Mansfield was driving and operating said automobile by and with the consent of the defendant J. H. Mansfield;* that said Gordon Mansfield was then and there driving and operating said automobile as a public for-hire car commonly known as a 'Jitney Bus' and that the plaintiff, Eva G. Brigham, was then and there passenger in said 'Jitney Bus'; *that the said Gordon Mansfield so driving and operating said automobile by and with the knowledge and consent of the defendant, J. H. Mansfield as aforesaid,* on said 30th day of April, 1923, in the city of Miami, Dade County, Florida, at and near the intersection of West Flagler Street and Southwest Thirteenth Avenue, Miami, then and there so negligently and carelessly drove and *operated said automobile* that the same ran into and against another automobile whereby and by reason of the negligence and carelessness aforesaid, the plaintiff, Eva G. Brigham, was violently hurled forward from her seat in said automobile, striking her body and head against various portions of said automobile whereby and by reason of the negligence and

carelessness aforesaid, the plaintiff, Eva G. Brigham, suf-
fered a severe cut and laceration of the skin and flesh upon
her head; her head was greatly bruised, her back was
wrenched, her side twisted and injured, and she suffered
divers and sundry other bruises, contusions and injuries
about her body, head and limbs; that the injuries aforesaid,
so caused and suffered as aforesaid are permanent; that the
plaintiffs, in and about attempting to heal the said Eva G.
Brigham aforesaid, have spent divers large sums of money
on account of hospital bills, doctor's bills, nurse's bills and
to procure medicine and medical atention, to-wit: the sum
of One Hundred Dollars.

Third Count:

"And the plaintiff likewise sues the defendant in this,the
third count of her declaration for that whereas, on to-wit:
the 30th day of April, 1923, the defendant, J. H. Mansfield,
owned, controlled, maintained and operated a certain pas-
senger automobile commonly designated as a "Jitney Bus"
upon certain of the public roads and streets of Miami,
Florida; that on said 30th day of April, 1923, Eva G. Brig-
ham was then and there a passenger in said automobile so
owned, controlled, maintained and operated by said de-
fendant; that on said date at about one o'clock in the after-
noon while the plaintiff, Eva G. Brigham was a passenger
in said automobile as aforesaid, the said defendant, J. H.
Mansfield, negligently and carelessly permitted the mech-
anism of said automobile to be in a dangerous and defective
condition in this,—that the steering apparatus which con-
trolled the said automobile was in such a defective and
improper condition that it would not properly control said
automobile; that at said time and place the defendant, J.
H. Mansfield, acting by and through his agent and servant,
to-wit: one Gordon Mansfield drove and operated said auto-
mobile while the same was in said defective condition as

aforesaid; that by reason of the defective condition of said automobile, as aforesaid, and while the same was being driven by said Gordon Masfield, and due to the negligence and carelessness of the defendant, J. H. Mansfield, in permitting said steering apparatus to be in said defective condition, the said automobile of the defendant ran into and against another automobile whereby and by reason of the negligence and carelessness aforesaid the plaintiff, Eva G. Brigham, was violently hurled forward from her seat in said automobile striking her body and head against various portions of said automobile whereby and by reason of the negligence and carelessness aforesaid the plaintiff, Eva G. Brigham suffered a severe cut and laceration of the skin and flesh upon her head; her head was greatly bruised, her back was wrenched, her side twisted and injured, and she suffered divers and sundry other bruises, contusions and injuries about her body, head and limbs; that the injuries aforesaid, so caused and suffered as aforesaid, are permanent; that the plaintiffs, in and about attempting to heal the said Eva G. Brigham, as aforesaid, have spent divers large sums of money on account of hospital bills, doctor's bills, nurse's bills and to procure medicine and medical attention, to-wit: the sum of One hundred dollars.

"Wherefore, Plaintiffs bring this, their suit, and claim damages in the sum of Three thousand dollars." To which declaration the defendant in the court below first filed a demurrer, which demurrer was overruled and thereafter the defendant filed a plea of "Not Guilty" to each count of the declaration. Issue was joined on each of these pleas and upon issue so joined the case came on for trial.

It appears that on or about the date alleged in the declaration, Eva G. Brigham, was riding in an automobile which was owned by, J. H. Mansfield and which was then and there driven by the agent of Mansfield, which said

automobile was being owned and operated as a Jitney Bus and that Eva G. Brigham, was passenger in said automible, and while she was passenger in such automobile she received certain injuries as alleged in said declaration by reason of a collision occurring between the automobile in which she was passenger and another automobile.

The damages claimed in the declaration were alleged as; That Eva G. Brigham suffered a severe cut and laceration of the skin and flesh upon her head; her head was greatly bruised, her back was wrenched, her side twisted and injured and she suffered divers and sundry other bruises, contusions, and injuries about her body, head and limbs, that the injuries aforesaid so caused and suffering are permanent; and that the plaintiffs in and about attempting to heal the said Eva G. Brigham spent divers large sums of money on account of hospital bills, doctor's bills, nurse's bills and to procure medicine and medical attention to-wit: the sum of One hundred dollars.

At and during the trial the plaintiffs in the court below over the repeated objection of the defendant were allowed to prove that the occupation of Eva G. Brigham was that of a Real Estate Broker and Agent; that she was earning compensation from this business which had amounted to some five or six thousand dollars during the six months preceding the accident; that the amount of her earnings per month were not uniform, but reduced to a weekly basis, such earnings amounted to about two hundred dollars per week and that she was prevented from doing this business for a period of one month.

The defendant in the court below objected to all such testimony and after the same had been admitted over his objections, he moved to strike the same because proof made thereby did not correspond with the allegations in the declaration, which motion was denied by the trial court.

The defendant in the court below renewed the motion to strike after the conclusion of all the evidence submitted in the cause and again his motion was overruled, thereupon the plaintiffs in the court below moved to amend the declaration by inserting in the first and second counts thereof after the word "permanent" the following language: *"that the plaintiff, by reason of the said injuries so negligently caused and suffered, as aforesaid, has suffered and will in the future continue to suffer great physical and mental pain and suffering; that the plaintiff, by reason of said injuries so negligently caused and suffered as aforesaid, was prevented for a long space of time, to-wit: for four weeks from carrying on her occupation and calling as a real estate broker, by reason of which she suffered the loss of large profits and earnings which she would otherwise have secured from her said occupation and calling in the sum of eight hundred dollars."* Which motion was granted over the objection of the defendant. The trial resulted in the judgment in favor of the plaintiff, Eva G. Brigham, in the sum of one thousand dollars and cost in the sum of sixteen dollars and sixty-four cents ($16.64), from which judgment the defendant in the court below brings error to this court.

The proof in regard to the earning capacity of the Eva G. Brigham, plaintiff in the court below as above referred to was irrelevant and immaterial to the issues then and there being tried and the evidence should not have been admitted.

This evidence was applicable to damages and injury which were not alleged in the declaration and of which the defendant in the court below had no notice and as to which he had been given no opportunity either to plead or to prepare a defense; such evidence constituted proof of damage not recoverable under the issues then before the court.

In the case of Warfield v. Hepburn, 62 Fla. 409, 57 South. Rep. 618, this court says: ''Where liability appears, compensatory damages may be recovered upon proper allegations and proofs for property losses and personal injuries that result proximately from the negligence. Damages for such losses and injuries as naturally and ordinarily result proximately from the injury received or loss sustained as alleged may generally be shown in evidence under a general claim for damages, because the defendant is held to notice of the natural and ordinary result of its negligent acts. But damages for such special losses or injuries as do not naturally and ordinarily result from the negligent injury alleged, should be shown in evidence over objection only when the defendant is advised of them by special allegations in the declaration.'' See Southerland on Damages, Sec. 418, 421, 1247, and authorities there cited; Jacksonville Electric Co. v. Batchis, 54 Fla. 192, 44 South. Rep. 933, and authorities there cited.

When the liability in damages for negligence is shown, the burden of distinctly proving by a preponderance of the evidence the character or nature of the personal injuries sustained or of the property rights injured or destroyed, within the sufficient allegations of the declaration, is upon the plaintiff as at common law. Compensatory damages may be recovered for property losses actually sustained as a proximate result of the defendant's negligence as alleged, where such losses are properly pleaded and proved and are capable of reasonably accurate and certain ascertainment in amount from reliable data.'' See text page 417. See also, City of Central City v. Engle, 65 Neb. 885, 91 N. W. Rep. 849.

It is a general and well recognized rule that pleadings, by and with the consent of the court, may be amended at any time before the verdict, but this rule should not be

applied so as to permit a plaintiff to amend his declaration in such manner as to allege entirely new items upon which recovery is claimed, at a time when all evidence has been introduced, except upon condition that there should be an adjournment or continuance of the cause, so as to afford the defendant time to meet such new matters. (See Section 2689, Revised General Statutes of 1920; 1 Encye Pleading & Practice 650, and cases there cited: 31 Cyc. 377-378).

By the amendment of the declaration permitted in this case it contains allegations, proof of which was not admissible under the issues upon which the trial was held and these allegations are such that evidence tending to support the same might in many cases be rebutted by the defendant.

The injuries or damages alleged were specific and did not cover loss of profits and earnings, and it was error to admit testimony as to previous irregular profits and earnings. The declaration had not advised the defendant of a claim for loss of earnings and profits and the amendment made after the testimony had been concluded did not cure the error, which in view of the damages awarded was apparently harmful to the defendant plaintiff in error.

It is ordered that the judgment be reversed and the cause be remanded for new trial.

Reversed.

WHITFIELD, P. J., AND TERRELL, J., concur.

BROWN, C. J., AND STRUM, J., concur in the Opinion.

ELLIS, J., dissents.