Graves v. Peck.

GENEVIEVE GRAVES, APPELLEE, V. ROYAL PECK, APPELLANT.

FILED JULY 7, 1926.    No. 24211.

1. **Husband and Wife.** Since the passage of the "married women's act" in this state, a married woman may sue in her own name for injuries to her person.

2. **Evidence** examined, and *held* to be sufficient to support a verdict for plaintiff.

3. **Assault and Battery: DAMAGES.** In an action for damages for a lascivious attack upon a woman 29 years of age, of ordinary refinement, resulting in the indecent exposure of her person, and of such force as to cause paralysis of her right leg and render her a cripple, a verdict for $14,900 is not, of itself, so excessive as to indicate passion and prejudice on the part of the jury.

APPEAL from the district court for Hamilton county: LOVEL S. HASTINGS, JUDGE. *Affirmed.*

*J. E. Dorshimer* and *J. H. Grosvenor,* for appellant.

*F. E. Edgerton, contra.*

Heard before MORRISSEY, C. J., ROSE, DEAN, DAY, GOOD and EBERLY, JJ., and REDICK, District Judge.

REDICK, District Judge.

Action to recover $50,000 for indecent assault. The plaintiff is a married woman, 29, not living with her husband, having a daughter 11 or 12 years old, and at the time in question occupied the position of housekeeper in the home of the defendant, a widower, 79 years old, having a son,

married daughter and granddaughter. The petition alleges that on September 15, 1923, while plaintiff was in bed recovering from an illness, the defendant came to her room and made an extremely indecent assault and battery upon her person, the details of which we prefer to leave to the imagination of a prurient mind, which alone can do the subject justice. Plaintiff further alleges that the acts of defendant were without her consent and against the most vigorous defense of which she was capable at the time; that during the struggle and in an endeavor to force plaintiff to lie upon the bed, defendant seized her right leg with such force as to bruise and twist it, and strained it in such manner as to cause paralysis thereof; that as a result of such assault she has been rendered unable to perform her usual household duties and has become a helpless cripple.

Defendant answered the petition, admitting the employment and age of the plaintiff, that she was sick in bed and had been so confined for over two weeks, and denies each and every other allegation of the petition. The case was tried to a jury, which returned a verdict for the plaintiff for $14,900, upon which judgment was rendered and motion for new trial overruled and defendant appeals.

Defendant's first contention is that the plaintiff, being a married woman, is not entitled to sue for her injuries, but the only case cited is *City of Central City v. Engle*, 65 Neb. 885, which merely announces the well-established rule that a married woman, not the owner of a separate estate nor engaged in any business or service except those pertaining to her husband's household, is not entitled to recover damages for loss of earnings or diminished capacity to earn money as the result of her injury; but since the adoption of the married women's act in this state we have not heretofore met the claim of disability of a woman on account of coverture to sue in her own name for personal injuries.

It is next contended that the evidence is insufficient to support the verdict. It therefore became necessary for us to examine the evidence. We have done so with critical care and have concluded that this assignment is not well taken.

The evidence for the plaintiff as to the principal facts comes exclusively from the plaintiff and her young daughter and, of course, in the nature of things, must be scrutinized with great care. The defendant insists that the case is within the reasoning which required the evidence of the prosecutrix in a rape case to be corroborated, but we are not willing to go that far. However, the daughter's testimony, if believed, would seem to be sufficient corroboration, and taken together with the fact as appears from the great preponderance of the testimony that prior to the assault in question plaintiff had full normal use of her right leg, and that since such occurrence, beginning with its very date, it has been paralyzed, surely a question was presented for the jury's determination, with which we do not feel warranted in interfering. The testimony of the doctors differs somewhat as to whether plaintiff is suffering from "hystero'" or organic paralysis, but all agree that either may be caused by the application of such force as was made use of by defendant.

Numerous errors in the rejection and receipt of evidence upon the trial and in the instructions of the court are urged, and we have examined them carefully, but find none justifying a reversal. Among others, complaint is made of the rejection by the court of the report of the doctors who examined plaintiff on its order. If this was error, it was without prejudice, as two of the doctors were called by the plaintiff, and so far as the record shows the other was available. It is proper, however, to refer to objections made to two of the instructions. No. 8 was upon the measure of damages, wherein the court said that the jury should take into consideration "the extent and location of her injuries, if any, her health and condition before she received her injuries, if any, complained of, as compared with her present condition in consequence of her injuries, if any, and how far it is calculated to disable her;" it being claimed that by this language the jury were permitted to allow damages for the weak and disabled condition of plaintiff before the assault. But we think it will hardly bear this construction,

and by the closing paragraph of the instruction the jury were told that they could not allow plaintiff anything "for medical expense, for nurse hire and loss of time, either past, present or future, for the reason that the evidence is not sufficient under the law to entitle plaintiff to recover therefor." In the same instruction the jury were told that they could allow damages only for injuries received "as the direct consequence of the assault and battery."

Complaint is also made that by instruction No. 13 the jury were told in advance of their retiring that, if they were unable to reach an agreement in six hours, after the expiration of that time ten of them might render a verdict; the point being that the court should not have so instructed until after the jury had deliberated six hours so that a record might be made of that fact. It appears, however, that the jury retired at 12:50 p. m. April 3 and returned their verdict at 6:15 p. m. of April 4, 1924, and the presumption is in favor of the regularity of the proceeding of the district court, that the jury deliberated six hours before returning the verdict by ten jurors. *Lovelace v. Boatsman,* 113 Neb. 145.

The last assignment of error, and one with which we have had the greatest difficulty, is that the verdict is excessive and appears to have been given under passion and prejudice. In view of the fact that the evil intent of the defendant, if he can be said to have had one, failed utterly of culmination, this argument would be of persuasive force were it not for the serious physical injury to the plaintiff, but the shame and humiliation suffered by such indignities as were forced upon the plaintiff, who is shown by the evidence to be a woman of considerable cultivation, are difficult of measurement in dollars and cents. And when to these are added the disability of paralysis of the leg, although the extremely poor condition of her health was such as to justify the trial court in rejecting the Carlisle Table of Expectancy, we are not convinced that the jury acted under the influence of passion and prejudice or that the verdict is excessive. It is urged that there is no mathematical

demonstration by which the amount of the verdict can be deduced from the evidence, but we are of opinion that such exactitude is not to be expected in this class of cases.

It follows that the judgment must be, and it is,

AFFIRMED.