144 So.2d 515 (1962)
Irma KAUFMAN and Her Husband Harry Kaufman, Appellants,
v.
SWEET ET AL CORPORATION, a Florida Corporation, Appellee.
No. 62-66.
District Court of Appeal of Florida. Third District.
September 18, 1962.
Rehearing Denied October 9, 1962.
*516 Alfred Gustinger, Jr., and Kenneth L. Ryskamp, Miami, for appellants.
Wicker, Smith, Blomqvist, Hinckley & Davant and Anthony Reinert, Miami, for appellee.
Before PEARSON, TILLMAN, C.J., HORTON, J., and BARNS, PAUL D., Associate Judge.
BARNS, PAUL D., Associate Judge.
Appellant-plaintiffs, being tenants of apartment house of the defendant-appellee, sued the landlord for injury occurring to the wife resulting from a door mat slipping when she stepped on it. The husband joined in the action asserting claim for medical expenses for his wife and for her care and his loss of companionship and consortium.
The verdict was for the plaintiffs, whereupon the defendant moved timely for a judgment n.o.v. in conformity with its motion for a directed verdict made at the close of all the evidence and, in the alternative, moved for a new trial. The trial judge granted the motion for judgment n.o.v. in favor of the defendant and, in the alternative, a new trial only on the question of damages. Thereupon the plaintiffs appealed. We find error in entering judgment n.o.v. and affirm order granting a new trial.
The trial judge very thoughtfully ruled on both the motion for judgment n.o.v. and the motion for new trial, granting both motions but granting the new trial conditionally.
Where motions for judgment n.o.v. and for a new trial under Rule 2.7, Florida Rules of Civil Procedure, 31 F.S.A., as under Rule 50(b), Federal Rules of Civil Procedure, 28 U.S.C.A., are presented, the trial judge, whatever his ruling on the motion for judgment, should also rule on the motion for a new trial, indicating the grounds of his decision as to the new trial, if granted. This rule has been established in Montgomery Ward & Co. v. Duncan, (1940) 311 U.S. 243, 61 S.Ct. 189, 85 L.Ed. 147 and has since been generally followed by the lower federal courts and the courts of Florida. King v. Jacksonville Coach Company, 122 So.2d 480.
However, the rule that the trial court, in addition to granting judgment notwithstanding the verdict, should also rule upon the alternative motion for a new trial does not contemplate the entry of inconsistent orders. If the trial court grants the motion for new trial, this order should provide that it becomes effective only if the judgment notwithstanding the verdict should be reversed on appeal. See: Annotations to Rule 50(b), Federal Rules of Civil Procedure; United States Supreme Court Reports, 97 L.Ed. 98-99.
Appellants' first assignment of error is that the court erred in granting defendant's motion for judgment n.o.v. Plaintiffs testified that when the wife stepped down from the door to the mat on the outside, the mat slipped and Mrs. Kaufman fell to the floor and was injured. Evidence was given to show that dirt had accumulated under the mat and that the mat was one through which dirt from the feet would naturally sift from the wiping of *517 the shoes upon it. No firm direct evidence was given to show when the floor beneath the mat was last cleaned. The floor was of Cuban tile and the mat was similar to mats made from used automobile tires cut into strips held together by a wire run through them. At the time of ruling on the motions, the trial judge found:
"Reviewing the testimony most favorable to the plaintiffs, the evidence showed that Irma Kaufman was caused to slip and fall when she stepped on a rubber mat placed in front of a door leading into the defendant's apartment house. Dirt and debris under the mat caused it to slide on the tile floor when stepped upon."
Rule 2.7(b) and (c), Florida Rules of Civil Procedure, is an adoption of Rule 50(b) of the Federal Rules of Civil Procedure. A motion under these rules raises an issue of law. In Burcham v. J.P. Stevens & Co., 4 Cir., 209 F.2d 35, per Judge Parker, it is stated that:
"It is well settled that on a motion for a directed verdict or on motion for judgment n.o.v. based on such motion, the evidence must be considered in the light most favorable to the party against whom the directed verdict or the judgment n.o.v. is asked, that any conflict in evidence must be resolved in his favor and that every conclusion or inference that can be legitimately drawn therefrom in his behalf must be drawn."
Applying the foregoing rule of law to the facts, we find error in entering the judgment n.o.v. for the defendant.
Appellants' second and third assignments of error are that the lower court erred in granting a new trial on the grounds (1) that the damages awarded to the plaintiffs were excessive, and (2) that testimony concerning plaintiffs' loss of their business venture was improperly submitted to the jury.
At trial, evidence was given to the effect that plaintiffs were because of the circumstances forced to sell their business stated to be worth $20,000 for $4,000. No firm objection was made to this evidence and the admitting of such evidence was not a ground in defendants' motion for a new trial, unless it comes within the scope of ground "4" of the motion, which ground was the verdict was excessive "and not supported by the evidence". The loss of $16,000 was made capital of by the plaintiffs' attorney in his argument to the jury. No special damages were claimed in the complaint.
Rule 1.9(g), Florida Rules of Civil Procedure, 30 F.S.A., like Rule 9(g), Federal Rules of Civil Procedure, following well recognized principles on common law pleading, is as follows:
"(g) Special Damage. When items of special damage are claimed, they shall be specifically stated."
The common law rule as to necessity of pleading special damages is well stated in Mansfield v. Brigham, 91 Fla. 109, 107 So. 336. It is extremely doubtful that the $16,000 loss in the sale of business was the proximate result of the personal injury or could have been the basis of special damages. At least such loss does not naturally and necessarily result from the injury complained of.
The order granting a new trial was made more than ten (10) days after the rendition of the verdict. Rule 2.8(c), Florida Rules of Civil Procedure, similar to Rule 59(d), Federal Rules of Civil Procedure, provides for the court granting a new trial on its own initiative "not later than [ten] 10 days after the rendition of a verdict." Appellants raise the point that *518 for the trial judge to grant a new trial on a ground not given in the motion contravenes Rule 2.8(c), supra, which limits the court to ten (10) days to grant a new trial of its own initiative. The weight of authority in the Federal system seems to support appellants' position. 6 Moore's Federal Practice, 2d ed., § 59.09 [2] 3851, Note 9. However, we do not choose to follow these authorities, but follow the minority view for reasons hereinafter given.

MAY A COURT GRANT A NEW TRIAL ON GROUNDS NOT STATED IN A TIMELY MOTION FOR NEW TRIAL?
A motion for new trial is not a prerequisite to an appeal. A motion for new trial for errors of the court occurring during trial enables the court to reconsider his rulings at trial, and if acted on favorably the time and expense of an appeal is obviated. This practice tends to promote more complete justice in the trial court and without it the number of appeals would undoubtedly be much greater; and the more the restrictions on the trial court to grant new trials to a like degree, the number of appeals to correct errors will be increased which errors might better be corrected where they occurred. Floyd v. State, ex rel. La Vigne Elec. Co., Fla. 1962, 139 So.2d 873.
A motion for new trial invokes the discretion of the trial court, and as stated in Commercial Credit Corp. v. Pepper, (5 Cir., 1951) 187 F.2d 71, 75-76, "The term `discretion', however, when invoked as a guide to judicial action, means a sound discretion, exercised with regard to what is right and in the interest of justice", each case has to stand on its own facts.
Rule 2.8(c), Florida Rules of Civil Procedure [now amended as Rule 2.8(d)] provided:
"(c) On initiative of Court. Not later than 10 days after the rendition of a verdict, the court of its own initiative may order a new trial for any reason for which it might have granted * * * motion of a party, and in the order shall specify the specific grounds upon which the new trial is awarded."
The foregoing rule is substantially the same as Rule 59(d), Federal Rules of Civil Procedure, except that the words "the rendition of a verdict" of our rule have been substituted for the words "entry of judgment" of the Federal rule. Unless some limitation is imposed by statute or rule, it may be stated generally that a court could set aside or alter its final judgment during the term at which it was entered, and in proceedings for that purpose begun during the term; and not otherwise.
The Federal rules, like our rules, have abandoned the "term time" remedial limitations and have to the extent specified in the rules substituted a "rule time" limitation for "term time." The purpose of the ten (10) day limit for granting a new trial on the court's own initiative was to prevent the court from destroying the finality of a judgment after the limitation period had run. Once finality has been suspended by a timely motion for new trial, the reason for the rule no longer exists and there is nothing in the policy of the law or the rules to prevent the trial judge in the exercise of sound judicial discretion to grant the motion on grounds that are just. 6 Moore's Federal Practice, 2d ed. 3849-3851, 3872, 3873. Under these circumstances, the new trial proceedings are not initiated by the court, but by the moving party.
Before concluding it might be well to note that for the future the question, supra, has been obviated by amended Rule 2.8(d) which, effective July 1, 1962, is as follows:
"On Initiative of Court. Not later than 10 days after entry of judgment, or within the time of ruling on a timely *519 motion for a rehearing of non-jury matters or a timely motion for a new trial made by a party in actions tried by a jury, the court of its own initiative may order a rehearing or a new trial for any reason for which it might have granted a rehearing or a new trial on motion of a party."
Our conclusions are that the court, when passing on a timely motion for new trial, may in the exercise of sound discretion grant it on grounds not stated in the motion.
The court's order for judgment n.o.v. is reversed and its order for new trial in the alternative is affirmed.
Affirmed in part and reversed in part.
PEARSON, TILLMAN, C.J., and HORTON, J., concur.
BARNS, PAUL D., Associate Judge
There are reasons permitting the trial judge to grant a new trial in this case notwithstanding any insufficiency of the motion for new trial as filed.

IS A TIMELY MOTION FOR NEW TRIAL A PREREQUISITE TO THE COURT GRANTING A NEW TRIAL MORE THAN 10 DAYS AFTER VERDICT, WHEN A TIMELY MOTION FOR JUDGMENT N.O.V. HAS BEEN MADE?
To begin with, it seems well to note that Rule A of the Florida Rules of Civil Procedure provides that "These rules shall be construed to secure the just, speedy and inexpensive determination of every action.", which is the same as in Rule 1, Federal Rules of Civil Procedure. This language, as stated in 2 Moore's Federal Practice 2d ed., § 1.13 [1] 55-57, means that liberality is the canon of construction; that decisions are to be on the merits to promote justice and not on procedural niceties or by collateral methods.
Mr. Justice Black, in Cone v. West Virginia Pulp & Paper Co., (1947) 330 U.S. 212, 67 S.Ct. 752, 91 L.Ed. 849, stated that under Rule 50(b), Federal Rules of Civil Procedure which rule is the same as Rule 2.7(b) and (c), Florida Rules of Civil Procedure:
"The rule provides that the trial court `may reopen the judgment and either order a new trial or direct the entry of judgment as if the requested verdict had been directed.' This `either-or' language means what it seems to mean, namely, that there are circumstances which might lead the trial court to believe that a new trial rather than a final termination of the trial state of the controversy would better serve the ends of justice. In short, the rule does not compel a trial judge to enter a judgment notwithstanding the verdict instead of ordering a new trial; it permits him to exercise a discretion to choose between the two alternatives. * * *"
Although the foregoing language seems to be dicta as to the case, the rationale is noted.
The Advisory Committee to the Supreme Court on the Federal Rules of Civil Procedure in June 1946, proposed an amended Rule 50(b), as promulgated in 1937, which proposal was not adopted by its order of December 27, 1946. Moore states "At the time of its promulgated order the Court had pending before it the case of Cone v. West Virginia Paper & Pulp Co. The subsequent decision in this case on March 3, 1947, indicates a basis for the Supreme Court's refusal to adopt the Advisory Committee's recommendations of 1946 * * *." 5 Moore's Federal Practice, 2d ed., § 50.01 (1) 2303.
*520 The Advisory Committee's report recommended that the language of the present rule be changed to read:
"Motion for Judgment. Within 10 days after the reception of a verdict, a party who has moved for a directed verdict at the close of all the evidence may move to set aside the verdict and any judgment entered thereon and for judgment in accordance with his motion for a directed verdict. The court may allow the verdict or judgment to stand or may set it aside and either order a new trial or direct the entry of judgment for the moving party. The making of a motion for judgment in conformity with the motion for a directed verdict shall not be necessary for the purpose of raising on review the question whether the verdict should have been directed or whether judgment in conformity with the motion for a directed verdict should be entered. If no verdict is returned, the court on motion made within 10 days after the jury has been discharged may direct the entry of judgment as if the requested verdict had been directed or may order a new trial. * * *"
and then added other proposed matter providing that a motion for new trial may be joined, etc.
The notes to the Committee's Report concerning present Rule 50(b) F.R.C.P. state:
"Rule 50(b) states that the court on a motion for judgment notwithstanding the verdict `may either order a new trial or direct the entry of judgment' for the moving party. A party resisting a motion for judgment notwithstanding his verdict may endeavor to sustain his verdict, and at the same time make a showing by argument or affidavit that if his verdict is set aside he should at least have a new trial, and he may do that without making a conditional motion for new trial. * * *"
Hence it appears that the Supreme Court, per Mr. Justice Black in the Cone case, construed the "either-or" language of 50(b) to meet the recommendations of the Committee in this respect, and thereby avoided amending the Rule to accomplish the same objective. We adopted Rule 50(b) in 1949 without change in language, which carries with it the construction given it in the Cone case. See dissenting opinion in Jackson v. Wilson Trucking Corp., 243 F.2d 212 and Shaw v. Edward Hines Lumber Co., 7 Cir., 249 F.2d 434.